NEW YORK,
Oct. 1812.

SMITH
v.
BIRDSALL.

---

## SMITH *against* BIRDSALL.

A sheriff is entitled to his reasonable fees and expenses for bringing up a former sheriff, on an attachment for a contempt in not returning process.

THIS was an action of trespass on the case. The plaintiff's demand was for fees and expenses in arresting, taking and carrying the defendant from the town of *Junius*, in the county of Seneca, to the city of *Albany*, while he, the plaintiff, was sheriff of that county, on an attachment issued out of this court against the defendant, for a contempt, in not returning an execution issued from this court, and delivered to the defendant to be executed, while he was sheriff of the county of *Seneca*.

The fees and expenses charged by the plaintiff against the defendant were as follows:

| | | |
|---|---:|---:|
| Caption fee, | $ | 56 |
| Mileage, 182 miles, at 19 cents, | 34 | 12 |
| Expenses going to and returning from *Albany*, | | |
|     12 days, 30 miles per day, at 50 cents, | 18 | |
| Two days' attendance in *Albany*, | 6 | |
| Expenses for two days, | 3 | |
| | —— 61 | 68 |

A verdict was taken for the plaintiff, at the *Albany* circuit, in *April*, 1812, for 61 dollars and 68 cents, subject to the opinion of the court, on the legality of the charges demanded by the plaintiff.

*Per Curiam.* The above charges are reasonable and just, and no more than an indemnity. The defendant appears to have been in contempt, and, consequently, liable to the costs and expenses of

·the attachment. The *habeas corpus* act allows 12 1-2 cents a mile, for bringing up a person, and the charges, also, for taking him back, if remanded. Where the law is silent as to charges for particular services, the court, if they allow any thing, must allow what is reasonable.

<div style="text-align:right">

NEW-YORK, Oct. 1812.

<div style="text-align:center">Judgment for the plaintiff.</div>