RICHARD MATHERS *v.* J. B. RAMSEY & CO.

(No. 8,874.)

An action will not lie, on behalf of a sheriff, to recover from a party to a judicial proceeding, expenses to which the sheriff has been subjected, in the care or removal of property in his possession by virtue of judicial process, not specially provided for by law, and to pay which the party has entered into no contract.

SPECIAL TERM.—On demurrer to petition.

The petition states " that on the 25th day of July, 1857, the plaintiff was the sheriff of Hamilton county, Ohio; that on that day the said defendants caused to be issued out of the clerk's office of the court of common pleas, a writ of attachment against the goods and chattels, lands and tenements of George Overaker; that said writ was returnable to the 3d day of August, 1857, to the superior court, and was numbered 6,812 of the number of cases in said court; that, in accordance with the directions of said defendants, and in performance of his duty as sheriff, he seized a large amount of groceries, under said writ of attachment, in the store of said George Overaker; that it was necessary, for the safe-keeping of said groceries, to remove them from the store of said George Overaker; that plaintiff was obliged to obtain a place of storage for said groceries, which cost him the sum of $95, and that he was obliged to pay the warehouseman for assistance in removing and handling said property, $5 additional, making, in all, $100; that he had to pay for a watchman to look to the safety of said goods, $6; that he had to pay for drayage, in removing said groceries, $9.15; that the services above, performed in and about said groceries, were all necessary for the safe-keeping and preservation thereof, and that the prices charged for the services above enumerated are reasonable, and that said services were performed in accordance with the direction, and for the benefit

of said defendants. Plaintiff, therefore, says that said defendants are indebted to him in the sum of $115.15, for which sum, with interest from the 1st of January, 1857, he asks judgment."

*W. B. Caldwell,* for plaintiff.

*W. Van Hamm,* for defendants.

SPENCER, J. The petition does not set forth the performance of any services which are not in the regular course of official duty—levying an attachment, and taking possession of the property—a duty the compensation for which ought to be provided for in the regular fee bill, or as part of the costs of the suit. There is no averment of a special engagement on the part of the defendant to pay for these services. They may have been done for the benefit of the present defendant, or for both parties; but this would not authorize the sheriff to make a special claim, irrespective of an express promise to pay. The sheriff would, ordinarly, be supposed to be compensated for his trouble and expense from the fees which result in the execution, or other fees accruing in the progress of the case. Cases may arise where this officer would not get full compensation for his trouble by anything provided for in the fee bill; yet this is one of the chances the sheriff must take in the performance of his duty. If it happens occasionally that he performs a service for which no adequate compensation is made, the equivalent is found in other cases in which he is amply provided for. The petition does not make out a case.

Demurrer sustained.