## KRUM *v.* KING.

A Deputy Sheriff who seizes property under an attachment, is not authorized, by virtue of his office, to bind the Sheriff by contract for the payment of a keeper to take charge of the property so attached. Special authority for this purpose must be shown.

APPEAL from the Eleventh District, County of Placer.

Krum *v.* King.

This was an action brought by the plaintiff for services rendered the defendant, in taking charge of certain property seized by the defendant, as Sheriff of Placer county, under a writ of attachment.

One Stewart, a deputy of the defendant in the office of Sheriff of Placer county, had in his hands a writ of attachment issued by the District Court of Placer county, and, by virtue of its commands, he seized certain real and personal property, and then and there made a contract with the plaintiff to take charge of the property, and safely keep the same for the defendant.   Plaintiff was to receive for such services, at the rate of four dollars per day.   He kept the charge of the property for some time, and until discharged by defendant.   Defendant declined to pay plaintiff for such service, and he brought this action to recover the amount.   On the trial, there was no evidence produced on the part of the plaintiff, showing any authority on the part of Stewart, the deputy, to bind his principal in such contract.   Plaintiff had judgment in the Court below, and defendant appealed to this Court.

*Anderson & Hillyer* for Appellant.

*Tuttle & Hillyer* for Respondent.

TERRY, C. J., delivered the opinion of the Court—BALDWIN, J., and FIELD, J., concurring.

The complaint alleges a contract made with defendant, through his agent or deputy.   In support of this allegation evidence was introduced, showing that defendant was Sheriff of the county, and that the contract was made by Stewart, one of his deputies.

This evidence was not sufficient to warrant the judgment.   No special authority to make the contract is shown, and the mere fact of his being Deputy Sheriff, did not authorize Stewart to bind his principal in this manner.

Judgment reversed.