JAMES LYNCH, SHERIFF, &c. *v.* SARAH MEYERS.

The power of a court or of any officer thereof to tax for costs, disbursements, or charges at law or in equity, is confined to business done in court in the progress of a cause, except where the statute otherwise provides.

By the Revised Statutes (2 Rev. Stat. 645) the sheriff is allowed certain fees for executing process, and for serving an execution for the collection of money. But neither the Revised Statutes nor the Code of Procedure make any allowance to a sheriff for the fees of a person employed by him to watch and take care of property levied on under an execution issued to him.

The taxation of the sheriff's fees on an execution cannot be had on the requisition of the sheriff himself, but only on that of the defendant in the execution, upon objection made by him.

The plaintiff, as sheriff, having made a levy under an execution issued to him upon the judgment debtor's personal property, was requested by the latter to delay removing the goods and she would pay the expenses of a person to be put in charge. The execution having been returned satisfied, the plaintiff brought action against the judgment debtor to recover the fees of the person put in charge of the property, the plaintiff's only proof of services being the certificate of taxation of the keeper's fees made by a justice of the Supreme Court on the application of the sheriff.

*Held,* That under such a promise by the defendant no expenses could be recovered, except upon competent proof that the same had been incurred by the plaintiff in compliance with the promise, and that as there is no statute authorizing the taxation of the plaintiff's bill by a judge, his certificate was not evidence that any such expenses had been incurred, and, therefore, a motion for a non-suit should have prevailed.

APPEAL by the defendant from a judgment of the Marine Court.

The action was brought by the plaintiff, as sheriff, to recover keeper's fees.

On the 23d July, 1864, a judgment was recovered in the Supreme Court against the defendant in this action, for $718.97. An execution was issued thereon on August 6, 1864, to the plaintiff, as sheriff, who levied on household furniture of the defendant. On September 9, 1864, the defendant having appealed, her sureties on such appeal justified by consent. The

defendant objected to the payment of the sheriff's bill for keeper's fees, and the plaintiff had the bill taxed by a justice of the Supreme Court on December 2, 1865. The justice, after argument, taxed the bill at $477, and made his certificate to that effect, on May 8, 1866. The judgment having been paid, on application of defendant, the plaintiff was ordered by a justice of the Supreme Court to return the execution satisfied, and did so. The defendant still refusing to pay the $477, the plaintiff brought this action.

Upon the trial the only evidence of the amount of the fees was the certificate of the justice of the Supreme Court.

*N. A. Chedsey*, for appellant.

I. The justice in the Supreme Court had no authority to make the order or certificate. The only statute bearing upon the subject is found in 2 Rev. Stat., 4th ed., pp. 838 and 840. (see *Benedict* v. *Warner*, 14 How. Pr., 568), which statutes fix the amount to be allowed as to each item necessary by law; and in no case do they allow anything for keepers' fees, or any service where it may be necessary for the justice to pass upon the value of the same.

II. The original cause for which the plaintiff seeks to recover in this action constitutes only a common law action for work, labor and services, the performance of the services at the request of the defendant, and the value of the same. For it is well settled, that without such request the sheriff can claim nothing for a keeper; it is his duty to remove the goods.

III. The taxation can only be made when required by the defendant. (2 Rev. Stat., 932, title 5, sec. 1.) There is no evidence of such requirement in this action.

IV. The order, or certificate of taxation of Mr. Justice Clerke, is his conclusion from affidavits only, by which he assumed summarily to hear and determine the whole cause of action, depriving the defendant of her constitutional right of trial by a jury.

The statute, authorizing a justice of the court, out of which the execution issued in certain cases, to tax sheriff's fees, evi-

dently contemplates to furnish a mode of adjusting disputed charges, *upon the settlement of an execution*, while the sheriff holds the property or the proceeds thereof in his hands. For the sheriff cannot, after the judgment is satisfied, collect his fees of the judgment debtor; he must collect them of the judgment creditor. His fees are merely incidental to the judgment. Therefore, if the certificate of taxation ever had any legal effect, it was satisfied by the satisfaction of the judgment.

V. It is well settled, that the fees of the sheriff are merely incidental to the judgment, and that he cannot recover them from the defendant without an express promise to pay them, and it is doubtful if he can recover even upon such express promise. (8 How., p. 104; *Reed* v. *Pruyn*, 7 Johns., 426; *Sherman* v. *Boyen*, 15 Johns., 443; *Mills* v. *Young*, 23 Wend., 315, and 5 Hill, 566.)

*Brown, Hall & Vanderpoel*, for respondent.

The certificate by Justice Clerke is conclusive upon defendant. She was heard before him; her objections were considered; the certificate was made more than four years ago; defendant has not sought in any way to review or appeal from it. (*Birkbeck* v. *Stafford*, 14 Abb. Pr., 285.)

It is clear that the taxation by " a proper officer of the court " is to be of charges *not* fixed by statute. Keepers' fees not being so fixed, the only means provided for the determination of the proper sum was just such a taxation as was had. The statute adopts the discretion of the officer as its measure of compensation where no specific fee is provided, and, the discretion once exercised, is final. It certainly cannot be questioned in a collateral matter. The return of the execution satisfied, in May, 1866, was pursuant to an order of the Court, without notice to the sheriff. This cannot affect the plaintiff's right to recover. The payment of keepers' fees could not be enforced on the execution after the judgment was paid; and he could not retain the execution to enforce those fees; and the sheriff had no remedy other than this action to collect them. And

Lynch v. Meyers.

there was good reason for the allowance.  The defendant had appealed, and the execution was stayed.

By the Court.*—Robinson, J.—This is an appeal from a judgment of the Marine Court of this city, rendered against the defendant, in October, 1869, for $500, together with costs and disbursements, which was affirmed on appeal to the General Term of that court.

The case presents the following facts : An execution, tested August, 5th, 1864, was issued to the plaintiff, as sheriff of the city and county of New York, at the suit of William H. House-man, plaintiff, against the defendant, for $718.97, which was received by him August 6th, 1864, under which (by John Mc-Keon, his deputy) he levied upon personal property of the defendant.  On his demand for payment, she said she did not want to pay it without seeing her lawyer.  The deputy told her he would be obliged to put a man in charge.  She replied she was willing he should put a man in charge, and to pay all the expenses ; that she did not want the deputy to remove the property till she had an understanding with her attorney.

The execution was subsequently, in May, 1866, returned "satisfied."  The plaintiff, nevertheless, by his suit, commenced in September, 1869, seeks, on this promise, to recover his charges for such expenses.  To maintain this claim, he further proved that the defendant, having objected to the fees claimed by him, on the settlement of the execution, and on his notice to, and appearance of the defendant before, Justice Clerke of the Supreme Court, on the 2d of December, 1865, his charges for keeper's fees, in watching and taking charge of the property levied on, had been taxed or adjusted by the justice at $477.

The introduction of evidence of this taxation was objected to on the trial, but admitted, and exception taken.

This taxation being the only evidence offered to support plaintiff's claim, that he had incurred any such expense, a motion was made to dismiss his complaint, for want of any

* Present—Robinson, Loew, and Larremore, JJ.

proof of the value of the services of the keeper, which was denied, and exception taken. Defendant then proved that, on the 9th of September, 1864, she perfected her appeal to the General Term of the Supreme Court, from the judgment on which the execution was issued against her; and that the man put in possession by the deputy sheriff, McKeon, remained for a couple of days, got beastly drunk, and was then put out by a police officer. The Marine Court, however, gave judgment for the entire claim.

This judgment was evidently rendered upon the assumption that the taxation by Judge Clerke of the expenses claimed by the sheriff, for "keeper's fees in watching and taking charge of the property levied on," was conclusive, or at least furnished *prima facie* evidence of their having been incurred.

Such fees and legal charges as the sheriff could include in his levy under the execution, were fully paid and satisfied, as appeared by his return thereon. This recovery for the expense of keeper's fees, upon the mere certificate of their taxation by Justice Clerke, was erroneous.

*First.* No judge or other officer (except the clerk) has any authority to adjust or tax the costs in an action, except for interlocutory purposes (*Hanna* v. *Dexter*, 15 Abb. Pr., 137; *Van Schaick* v. *Winnie*, 8 How. Pr., 6); nor any fees allowed by statute as compensation for the services of a public officer, or for his expenses in performing his official duties, except such as are allowed or provided for by statute, or some well-established rule of the common law. By 2 R. S. 652, § 1, it is enacted that, " upon the settlement of an execution by a defendant * * the sheriff * * claiming *any fees* which shall not have been taxed, shall, upon being required by the defendant, and on his paying the expenses thereof, have *his fees* taxed by some proper officer of the court * * from which the execution shall have been issued." And, by § 2, no sheriff shall collect any fees after being required as aforesaid " to have the same taxed, without such taxation having been made."

The execution issued against the defendant, as before mentioned, was duly settled and returned " satisfied," and the plaintiff had no claim for any other fees or allowances for

the execution of that process, which could have been a lien upon the property levied on or enforced by virtue of the execution.

It is provided by 2 R. S. 650, § 5, that "no sheriff or other officer whatsoever * * to whom any fees or compensation shall be allowed by law for any service, shall take or receive any other or greater fee or reward for such service, but such as is or shall be allowed by the laws of this State." And, by § 6, "no fee or compensation allowed by law shall be demanded or received by any officer or person for any service, unless such service was virtually rendered by him," except in special cases. And, by § 7, a violation of these provisions is made a misdemeanor, and the guilty person made liable, with treble damages to the party aggrieved.

The power of the court, or any officer thereof, to tax for costs, disbursements, or charges at law and in equity, is confined to business *done in court* in the progress of a cause (Saunders on Pl., 159, 160 ; Stephens' N. P., 465), except where the statute making such allowances authorizes the taxation (see *Supervisors of Onondaga County* v. *Briggs*, 2 Den., 30). As above stated, power is given to an officer of the court from which an execution issues, upon the *requisition of the defendant*, to tax the fees of the sheriff. By statute (2 R. S. 645) the sheriff is allowed certain fees for executing process issued by the different courts of law and equity, and for "serving an execution for the collection of money." But neither that or any other statute makes any allowance to him on serving an execution, for keeper's fees in watching and taking charge of the property levied on.

The Code, § 243, has made especial provision for the expense and trouble "of the sheriff in seizing goods on attachments," but the employment of keepers is not incident to the service of an execution (*Krum* v. *King*, 12 Cal., 412 ; *Dooley* v. *Root*, 13 Gray, Mass., 303). The acts of 7 W. IV, and 1 Vic., ch. 55, allow the sheriff fees "for each man left in possession" (*Gill* v. *Jose*, 37 Eng. L. & Eq., 65). But we have no analogous provision in our statutes, and "without some such special provision, it is presumed that the claim of the sheriff,

for seizing and holding goods by virtue of attachments or executions, must be limited to the specific fees provided for the service of such process, without reference to the expense to which he may be subjected in removing them to a place of reasonable security, if their position was hazardous, or in such care of them as the law requires" (*White* v. *Madison*, 26 N. Y., 127).

The cause of action in this case was predicated upon the alleged agreement of the defendant to pay the expenses of maintaining a keeper in charge of the property levied on, and after introducing proof tending to support such a promise, the only evidence offered of the expense incurred by the sheriff in maintaining a keeper in charge of the property was the certificate of Justice Clerke.

*Second.* The statute only authorizes the taxation of the sheriff's fees on the execution, upon his being required by the defendant to have the same taxed. This taxation took place upon the requisition of the sheriff, and not of the defendant, and upon objection made by the defendant to such taxation (*Lorillard* v. *Robinson*, 2 Paige, 277).

*Third.* Even if the plaintiff had any cause of action for "keeper's fees," his right, as alleged and proved, arose out of the special promise of the defendant to pay *his expenses* in maintaining a keeper in charge of the property levied on. Upon such a promise no expenses could be recovered, except upon competent proof that the same had been incurred by the plaintiff in compliance with the promise. The only proof offered had reference to such keeper's fees as were allowed by statute, and as might be taxed under some provision of law. As no such statute existed, the justice had no jurisdiction over the taxation of plaintiff's bill, and his certificate furnished no evidence that any such expense had been incurred (*Wilkonski* v. *Wilkonski*, 16 La. An., 232; *Rockwell* v. *Monroe Co.*, 10 Iowa, 591). Without regard to the question whether, within the principles settled by the courts, in *Hatch* v. *Mann* (15 Wend., 44), *Dowing* v. *Marshall* (37 N. Y., 388), *Simmons* v. *Kelly* (33 Penna., 190), &c., and which may be presented in another trial, the judgment, for the reasons above stated, should be reversed.