ANDREW J. CROFUT *against* JOHN BRANDT.*

A sheriff levying on goods under an execution is not entitled to any compensation in addition to his poundage for taking care of and protecting the goods, or in arranging them for sale, and therefore charges for keepers' fees, labor in taking the property, cartage, storage and insurance, and services for making a catalogue of the goods and preparing them for sale cannot be allowed.

On an execution issued from this court on a judgment recovered in the Marine Court, and the transcript filed with the county clerk, the sheriff is entitled to no greater poundage than if the judgment had been recovered in this court.

APPEAL from a retaxation of a sheriff's bill, made at special term. The execution in this case was issued out of this court to the sheriff of New York county, against the property of the defendant, upon a judgment of the Marine Court, which, by virtue of the filing of a transcript in the office of the clerk of the city and county of New York, under the provisions of § 68 of the Code, had become a judgment of this court. The execution was for $989 31, and interest from July 9th, 1872, and on the day following the sheriff levied on sufficient property of the defendant (consisting of straw and other kinds of hats and office furniture, situate at 66 Spring street, in New York city) to satisfy the execution. The goods were at once advertised for sale, but the sale was not commenced until August 16th, when, as it was being proceeded with, it was stopped by an injunction, and whatever deposits were made by purchasers were refunded to them. Under this condition of the case, the

* Affirmed in 58 N. Y. 106.

Crofut v. Brandt.

following bill, for his fees and charges, was presented for taxation by the sheriff:

| | | |
|---|---:|---:|
| 1. Poundage on an execution of $989 31............ | $25 | 98 |
| 2. Levy and return.............................. | 2 | 69 |
| 3. Expenses, keeping and watching property levied on | 150 | 00 |
| 4. Labor, taking property, &c................. ..... | 20 | 00 |
| 5. Amounts paid for cartage...................... | 110 | 50 |
| 6. Storage and insurance........................ | 45 | 00 |
| 7. For services, preparing goods for sale and catalogue on sale, and in refunding deposits on service of injunction................................. | 65 | 00 |
| Total....................... | $419 | 17 |

The court, at special term, retaxed the bill, and allowed it as follows:

Poundage on $989 31, and interest to August 16th, $9 91, $997 21:

| | | |
|---|---:|---:|
| On $250 at 2½ per cent ............. | $6 | 25 |
| On $747 21 at 1½ per cent........... | 9 | 35 |
| Advertising sale of goods...................... | 2 | 00 |
| Fee, after advertising and before sale............. | 1 | 00 |
| Receiving and entering execution................. | | 50 |
| Travel, one mile............................... | | 06 |
| Return ....................................... | | 13 |
| | $19 | 29 |

The opinion by ROBINSON, J., rendered at special term, is reported in 13 Abb. Pr. N. S. 128.

*A. J. Vanderpoel,* for appellant.

*C. Bainbridge Smith,* for respondent.

J. F. DALY, J.—The facts appear in the opinion of the judge at special term, whose order is appealed from. For the reasons stated in that opinion, the order should be affirmed. The authorities cited by the sheriff on the argument before us

do not conflict (except the case of *Smith* v. *Birdsall*, 9 Johns. 328, of which notice is taken below) with the conclusion therein arrived at. In *Gallagher* v. *Egan* (2 Sandf. 744), the plaintiff, in an action for the foreclosure of a mort- gage, was allowed to tax, as a disbursement, $37\frac{1}{2}$ cents each for serving notices of object of action. The sheriff served the notices, and the plaintiff, having paid him, desired to tax the disbursement. The court said that the expense was necessarily incurred, and was a reasonable disbursement; that it was un- important whether the sheriff served them or whether any other person did; that it was not allowed as sheriff's fees, but was given for an unofficial act which could be done by any other person as well, and $37\frac{1}{2}$ cents was allowed, as under the statute that was the fee allowed in the Court of Chancery for the same service.

In the case of *Bright* v. *Supervisors of Chenango* (18 Johns. 243), the county clerk was directed by statute to procure the necessary books for recording deeds, &c., and was also directed by statute to send certain notices to judges and justices of the peace. The statute did not provide for payment. On his ap- plication, a mandamus was allowed to the supervisors of Chenango county to allow him his disbursements for the books and notices, because, the books were not for the benefit of the officer, but the public; the tenure of his office was during pleasure, and its emoluments were in most cases moderate, and in some very small; the books became permanent records and the property of the county, and the sending of the notices was for the benefit of the county.

In the *People* (*ex rel. Hilton*) v. *Supervisors of Albany* (12 Wend. 257), the county judge was required to attend at the county clerk's office and witness the drawing of juries for the Common Pleas and Mayor's courts. No compensation was provided by statute. A mandamus was allowed to the supervisors to audit his claim for compensation for such services, because the practice of the court had been to allow public officers compensation for the performance of duties for which no compensation is provided by law; and the legislature knowing such practice (as it was assumed), had made no enact-

ment to the contrary, thus tacitly approving it; and this service had no connection with the judge's judicial duties.

It will be seen that in the two latter cases, the charge was allowed as a public charge against the county for a public service, and not as an allowance to a defendant or party to an action for extra trouble in enforcing process against him, and there is no analogy between them and the case at bar. It will be noticed that in the case of Bright, the tenure and emoluments of office are considered in allowing this claim. If such considerations are to enter into each case, it can hardly be contended that any rule exists for the allowance. In the case first cited (*Gallagher* v. *Egan*), extra allowance was not made to the sheriff but to the plaintiff in the action, and the court expressly declared that it was allowed not as fees to the sheriff, but as a disbursement for a non-official act, which any person might have performed.

In *Smith* v. *Birdsall* (9 Johns. 328), the sheriff, Smith, recovered judgment against Birdsall for $61 68, fees and disbursements for arresting him on an attachment for contempt and taking him to Albany. The court said the charges were reasonable and just, and no more than an indemnity; the defendant was in contempt and liable to the costs and expenses of the attachment; the *habeas corpus* act allowed a mileage for bringing up a prisoner and taking him back if remanded, and that where the law is silent as to charges for particular services, the court, if they allow anything, must allow what is reasonable. If this case might have been considered authority for such charges of the sheriff as those made in the present matter, it cannot be followed in view of the decision in *Hatch* v. *Mann* (15 Wend. 44), and *Downing* v. *Marshall* (37 N. Y. 380). In the latter case, it is said that "persons acting in *autre droit* as executors, administrators, guardians, receivers, &c., are, upon a faithful execution of their trusts, to be indemnified out of the trust property for all expenses necessarily incurred in the faithful performance of their duties." But the sheriff is in no sense here intended a trustee, nor does he act in *autre droit* in taking property of the judgment debtor on execution.

The case of *Hatch* v. *Mann* (*supra*), has been cited in this court at general term (1859, *Dows* v. *McGlynn*, 6 Abb. Pr.

242), as authority for declaring an agreement to pay extra fees to a constable a void agreement, and the Supreme Court at special term (August, 1873, *Fowler* agst. *The Mayor*, &c., DANIELS, J.), has followed the decision of this court in the order appealed from, and disallowed the sheriff's charges for keeper's fees.

In the matter of poundage on the execution, it seems that the sheriff is entitled to no more than upon executions issued upon judgments of this court. This judgment of the Marine Court, the transcript having been filed with the county clerk, is to *be deemed* a judgment of this court (Code, § 68, compare amendment of 1851 with the section as enacted in 1849). The execution having been issued out of this court, is therefore an execution to enforce a judgment of this court, and not of the Marine Court. The fee bill as to poundage on executions *issuing out of the Marine Court* cannot apply, even if any authority were shown for the poundage claimed on such executions. The act of 1824, page 293, under which the charge is made of five cents for every dollar under $50, and two and a half cents for every dollar over $50 for serving executions, relates only to courts held by justices of the peace, and the city and county of New York is expressly excepted from it. The fees allowed by the act of 1813 (chap. 86, R. L. vol. 2), viz., twenty-five cents for serving execution of $2 50 or under, and six cents for every $2 50 thereover, were repealed by the act of 1833, chap. 313, and no other statute that I can find establishes for the Marine Court the fee for serving execution, payable to constable, marshal, or sheriff.

Order appealed from affirmed.

LOEW, J.—This is doubtless a hard case for the sheriff; but there is no authority in law for allowing him such charges and expenses upon the levying of an execution as are claimed by him.

At common law the sheriff was not entitled to charge anything for executing process (Coke Lit. 368 b; *Woodgate* v. *Knatchbull*, 2 T. R. 158; *Dew* v. *Parsons*, 2 Barn. & Ald. 565). The right to exact compensation was first given by statute 23

Hen. VI, c. 9, 10; 29 Eliz. c. 4), and these early statutes gave a certain amount per pound upon the sum collected by the levying of an execution, afterwards called poundage, and in regard to other services in the execution of process, the fees the sheriff might take for the same were specifically fixed, and in respect to others he might take what he and the parties could agree upon (Dalton's Sheriff, c. 119). Coke says, in referring to these and other statutes, that the sheriffs cannot take anything except *where and so far* as these statutes have allowed them (Coke Lit. 368 b).

With us sheriffs' fees have been regulated by statute since colonial times. Our statutes have always allowed poundage upon the levying and satisfaction of an execution, even though the sheriff may not sell the property levied upon (2 R. S. 645; *People* v. *Adams*, 1 Code Rep. N. S. 226; *Bolton* v. *Lawrence*, 9 Wend. 437), together with certain other specific allowances for services connected with executions and other process.

The right of the sheriff to compensation has been recognized in cases which have been regarded as outside of the statutes, some resting upon long established custom, of which instances are given in Dalton's Sheriff, pp. 458, 469, or where the service is not in any suit or process, but for the benefit or use of the county, which are the cases enumerated by Judge DALY. But I know of no case, and apprehend that none can be found, in which it has been held that an expense incurred by the sheriff in taking charge of the property levied upon, or in guarding it, or in arranging it for sale, can be deducted by him from the amount collected upon the execution, or recovered by him in any form, all such expenses, charges and services being embraced in the general allowance made to him upon executions, called poundage.

But, on the contrary, there are cases holding otherwise. Thus, in *Buckle* v. *Bewes* (5 D. & Ry. 495; 3 B. & C. 683), where the sheriff retained out of the proceeds of a sale upon execution the expense he had been put to in keeping the goods pending an injunction in chancery, it was held to be a taking of more than the poundage allowed by the statute of 29 Eliz. c. 4, and that he thereby incurred the penalty of the statute

against extortion.   In *Slater* v. *Hames* (7 Mees. & W. 413), the sheriff deducted from the proceeds of a sale upon execution expenses incurred in taking precautions to prevent a rescue of the goods, the expense of removing them for sale, and the auctioneer's commissions, all of which he was ordered by the court to refund, upon the ground that he was only entitled to poundage under the 29th Eliz. c. 4, and such fees as were allowed by the table of fees in 7 Wm. IV, and 1 Vict. c. 55.   And see, to the same general effect, *Woodgate* v. *Knatchbull* (*supra*); *Phillips* v. *Canterbury* (11 Mees. & W. 619); *Mathews* v. *Ramsey* (2 Disney (Ohio), 334); *White* v. *Madison* (26 N. Y. 127); *Lynch* v. *Meyer* (3 Daly, 256).

For these reasons, in addition to those given by Judge DALY in his opinion, I agree that the order appealed from should be affirmed.

LARREMORE, J., concurred.

Order affirmed.