## N. Y. COMMON PLEAS.

ANDREW J. CROFUT and others agt. JOHN BRANDT.

The *sheriff* is not entitled to any other fees than those expressly allowed by statute.

Where a judgment is recovered in the marine court, and a transcript filed with the county clerk, such judgment becomes a judgment of this court, and, on an execution issued thereon, the sheriff is entitled to the same fees as if the judgment was recovered therein.

If the execution had issued on the judgment in the marine court, no greater poundage could be claimed. (*Per* J. F. DALY, J.)

On an execution the sheriff's poundage is limited to two and a half per cent on two hundred and fifty dollars, and one and a quarter per cent on the excess of two hundred and fifty dollars. His charge for advertising sale is limited to two dollars, with one dollar additional if the execution is stayed after advertising and before sale. His fee for receiving and entering execution is fifty cents, and for return thirteen cents ; and for travel, if not more than one mile, six cents.

The sheriff, on execution, is not entitled to claim expenses paid to keepers, nor for charges for cartage or storage, nor auctioneer's charges for selling goods, except when he sells by an auctioneer at the request of the party, nor charges for insurance, nor for cataloguing goods, nor for refunding purchasers' deposits.

If any claim arises in the sheriff's favor for extra services outside the scope of his official duty, his remedy is by action. Such claim or claims or expense cannot be allowed on taxation which is limited to the adjustment of statutory fees only.

If the case of *Smith* agt. *Baldwin* (9 *John. R.*, 228) is an authority for the sheriff's extra charges it should not be followed, as it has been, in principle, overruled by subsequent cases. (*Per* J. F. DALY, J.)

*General Term, February,* 1874.

*Before Judges* LOEW, LARREMORE *and* J. F. DALY.

IN this case the plaintiffs recovered judgment against the defendant in the marine court for $989,31; a transcript thereof was filed in the office of the clerk of the city and county of New York; execution was issued out of this court,

Crofut agt. Brandt.

and the sheriff levied upon the defendant's goods. The defendant caused the sheriff's bill to be taxed by one of the judges of this court; from the taxation the sheriff appealed to the general term. The facts appear in the following opinion of the judge on the taxation.

ROBINSON, J.—The execution in this case was issued out of this court to the sheriff againt the property of the defendant, upon a judgment of the marine court, which, by virtue of the filing of a transcript in the office of the clerk of the city and county of New York, under the provisions of section 64 of the Code, became a judgment of this court. It directed the levy and collection of the amount of the judgment, $989,31, with interest from July 9th, 1872, and on the next day the sheriff levied upon sufficient property of the defendant, consisting of straw and other kinds of hats, and office furniture, situate at 99 Spring street, to satisfy the execution, which was at once advertised for sale. The sale, however, was not commenced until July 16th, when, as it was being proceeded with, it was stopped by an injunction, and whatever deposits had been made by purchasers were refunded them. Under this condition of the case the following bill is presented for taxation by and on the part of the sheriff, for his fees and charges:

| | | |
|---|---|---|
| 1. Poundage on an execution of $989 31 ........ | $25 | 98 |
| 2. Levy and return........................... | 2 | 69 |
| 3. Expenses keeping and watching property where levied on.............................. | 150 | 00 |
| 4. Labor, boxing property, &c.................. | 20 | 00 |
| 5. Amounts paid for cartage................... | 110 | 50 |
| 6. Storage and insurance...................... | 45 | 00 |
| 7. For services preparing goods for sale, and catalogue on sale and on refunding deposits on service of injunction..................... | 65 | 00 |
| Total...................... | $419 | 17 |

Crofut agt. Brandt.

The sheriff, as well as all other public officers are, at common law, entitled to no compensation for performing any acts of official duty, but by statute certain amounts, by way of fees, are allowed to be received and collected by them, but there is a general prohibition against their taking or receiving any other or greater fee or reward for any service than that allowed by law (2 *R. S.* 630, § 5); also from demanding any fee or compensation allowed by law for any service, unless it is actually rendered (*id.*, § 6), and any violation of these provisions is made a misdemeanor, and the person guilty thereof is made liable to the party aggrieved in treble damages (*id.*, § 7). It is also made the duty of every court, at which a grand jury is summoned, to charge it specially to inquire into any violation of law (*Chap.* 455 *of the Laws of* 1841, § 17). Notwithstanding these guards against extortion by public officers, the bill presented, I regret to say, is but a specimen of those emanating from the sheriff's office that are brought to the notice of this court. By statute that officer is allowed, for serving an execution for the collection of money, six cents per mile for traveling to make service, for going from the court-house; for collecting the sum of $250, two cents and five mills per dollar, and for every dollar collected more than $250, one cent and two and a half mills; advertising goods and chattels for sale, two dollars, and if the execution be stayed or settled after advertising and before sale, one dollar; for returning a writ, twelve and a half cents (2 *R. S.*, 644 § 33); and by the act of 1850, chapter 225, section 1, he is allowed a further fee of fifty cents for receiving and entering the execution. I find no warrant in any of the statutes for any other charges in addition to these fees for expenses or disbursements incurred in executing such a process. In certain other cases provision is made for his compensation, expenses and disbursements, to wit, by act of 1830, chapter 300, section 57, in certain proceedings by way of attachment in addition to specified fees, he is to be awarded such additional compensation for his trouble and expenses in taking

possession and preserving the property attached, also for making an inventory and appraisal and for drafting and copying the inventory, as may be certified or allowed by the taxing officer. So by section 215 of the Code on claim and delivery of personal property he is allowed his lawful fees for taking, and his necessary expenses for keeping the same ; and by section 243 on proceeding under a statute authorized by the Code, the same fees and compensation for services, and the same disbursements as are allowed for like services by chapter five of title 1 of part 2 of the Revised Statutes (2 *R. S.*, 1 to 12), which, according to 2 Revised Statutes, 646, may be allowed him in addition to his fees, that is, such compensation for his trouble and expenses in taking possession and preserving the property attached, as the officer issuing the warrant shall certify to be reasonable. These enactments making express provision for the sheriff's expenses in other cases, also preclude any implication that is to be tacitly understood that any not mentioned are to be allowed on executions against property.

The sheriff, as well as all other public officers, accepts office upon condition of performing its entire duties for such compensation as is specifically allowed by express provision of law, and without right to claim any other remuneration. This necessarily includes and limits the power of the officer to delegate to any other person any right to any such extra compensation which he could not himself claim. The fees allowed are not *quis quid honorarium*, but are for doing or performing the service. The officer takes his office *cum onere*, as well with its honors and profits as with the duty of performing each service required of him by law, however onerous, expensive or responsible. He takes the good with the bad, the cases that are remunerative with those that are expensive, and for such compensation as the law specifically affords. As to some duties, the labor and responsibility may be trifling in comparison with the reward, while as to others it may be wholly inadequate for the trouble and hardship

incident to the particular case. In respect to executions for the collection of money, he may, in some cases, collect large sums by voluntary payment or seizure of coin, and easily gain his fees, while in others he may be involved in great trouble and expense in capturing and holding the property until he can effect a sale. Yet in the latter case the law affords him no greater indemnity or remuneration for the service of the execution, notwithstanding any hardship or expense encountered, than in the former. In either case he can only demand or receive the legal fees and allowances made by the statute intended for all cases. Even a promise to pay him extra compensation for extra services in the performance of his official duty or such acts as are incident thereto is void (*Chitty on Contracts*, 582; *Hatch* agt. *Mann*, 15 *Wend*, 44). And, as senator Tracey in the latter case says, " that a public officer whose fees are prescribed by statute, may maintain an action to recover an additional sum promised him by a party for doing his official duty is a monstrous proposition, fraught with every kind of mischief. The pretense that it is for extra services, would cover any conceivable corruption or extortion." Whatever care, labor or expense the condition of the property levied on in this case required, the sheriff was bound to provide, and except as to existing liens, bear as part of his official duty beyond what his fees afford him by way of compensation (*Buckle* agt. *Bewes*, 5 *D. & R.*, 495; 3 *B. & C.*, 688; *Bilke* agt. *Havelock*, 3 *Camp.*, 374; *Slater* agt. *Haine*, 7 *M. & W.*, 413; *Hatch* agt. *Mann*, 15 *Wend.*, *and cases there cited*).

As to the extra charges, not specifically allowed by statute, the right to charge by way of taxable fees for any expense for keepers, has been repudiated in *Downing* agt. *Marshall* (37 *N. Y.*, 380), *Lynch* agt. *Meyer* (3 *Daly*, 256), *Lord* agt. *Richmond* (38 *How.*, 173). So as to auctioneer's charges in selling the goods, because he is bound to make the sale of the goods himself (*Chitty on Contracts*, 583; *Woodgate* agt. *Knatchbull*, 2 *T. R.*, 157; *Crocker on Sheriffs*, 2d ed., § 1,

Crofut agt. Brandt.

162).  It is only where he sells the goods by an auctioneer at the request of some party that he can make any claim against him for the expense (*Buckle & Bares, supra*). As to cartage and storage, his duty was not, as in the case of an attachment, to keep and preserve the property until the further order of the court, but at once to advertise and sell the goods.  If any right of action exists upon the part of the sheriff for extra services or expenses outside the scope of his official duty, it must be pursued against the party at whose request they have been rendered, and constitute no lien on the property levied on.  They cannot be allowed on taxation, which is limited to the adjustment of mere statutory fees. Under these views the fees of the sheriff, as properly taxable in the present case, are as follows:

| | | |
|---|---|---|
| Poundage on $989,31, and interest to August 16, $9.91; $997.21, on $250, at 2½ per cent........ | $6 | 25 |
| On $747.21, at 1¼ per cent........................ | 9 | 35 |
| Advertising sale of goods ...................... | 2 | 00 |
| Fee after advertising and before sale ............ | 1 | 00 |
| Receiving and entering execution .............. | | 50 |
| Travel, one mile ............................. | | 06 |
| Return ..................................... | | 13 |
| Total ................................. | $19 | 29 |

At which amount the bill is taxed, and the other or excessive charges are disallowed.

BROWN, HALL & VANDERPOEL, *for the sheriff and appellant.*

*First.* The sheriff is by law entitled to the actual expenses necessarily incurred by him in the collection of an execution (*Gallager* agt. *Egan*, 2 *Sandf., S. C.*, 744; *Bright* agt. *Supervisors, &c.*, 18 *John.*, 243 ; *The People* agt. *Hilton*, 12 *Wend.*, 267; *Smith* agt. *Birdsall*, 9 *J. R.*, 328).

*Second.* The statute contemplates the taxing of fees other than those specifically named by it.

Title 4 of chapter 10, part 3, Revised Statutes, provides:

" § 2. The allowance of any fees by this chapter, *shall* NOT *apply to any case where special provision is made by law for any particular service;* but the fees for *such service* shall be such as are provided in the statute requiring the service or providing the compensation therefor " (3 *R. S.*, 5th ed., 930).

The same chapter title 5, provides :

" § 1. Upon the settlement of an execution by a defendant, or upon settling any suit or demand, the sheriff or attorney claiming any fees which shall not have been taxed, shall, upon being required by the defendant, and on his paying the expense thereof, have his fees taxed by some proper officer of the court in which the action may be pending or from which the execution shall have been issued " (2 *R. S.*, 5th ed., 932).

Title 3 of chapter 10, already referred to, provides :

" For the *following services,* hereafter done or performed in the several courts of law or equity in this state, by the officers thereof, or in any proceeding authorized by law, the *following fees* shall be allowed." And then follows the fee bill, including the fees allowed to sheriff.

*Third.* The fees and charges presented by the sheriff for taxation are reasonable and proper and should have been allowed. They were necessary in preserving the property which the process of the court commanded him to hold.

*Fourth.* The cases cited in the opinion do not impair the right to compensation here claimed.

*Hatch* agt. *Mann* was an action on a promise of extra compensation beyond the prescribed statutory fee for a specified service.

*Downing* agt. *Marshall,* arose on a question of allowances to counsel under the Code.

*Lynch* agt. *Myers,* it will be seen was decided upon the theory that it was predicated on defendant's promise to pay

" keeper's fees," as the certificate of the taxation of those fees by judge CLERKE shows.

*Fifth.* The poundage charged on sheriff's bill was correct and the reduction erroneous.

Laws of 1813 (*chap.* 86, *R. L.*), created the " court of assistant justices in the city of New York," also " justices courts in the city of New York," and marshals' and constables' fees in both these courts were the same, as follows:

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*

For serving execution for $2.50 or under........... $0 25
For every $2.50 thereover........................         6

By the laws of 1819 (*chap.* 71), the " justices court in the city of New York " shall be called " marine court of the city of New York." No change was made in the matter of marshals' and constables' fees.

Laws of 1820 (act of April 7th), provided that constables and marshals in suits in courts of assistant justices, &c., have *same* fees (on execution over $25), as in the marine court; and the laws of 1824 (*p.* 293), allowed constables fees in these courts on execution, at five cents on every dollar thereof for fifty dollars or under, and two and a half cents on every dollar above that sum.

By the laws of 1857 (*chapter* 295), it was provided   \*   \* " hereafter all other process (than summons) issuing out of said marine court, shall be directed to and served by the sheriff," &c.

§ 2.   \*   \*   \* " And the same fees shall be paid for the service of any summons or *other process* as are *now* required to be paid for the same."

By this last law, the fee to which the sheriff is entitled is the same as that received by the constable. The fee attaches to the process. The only objection urged to this, is the provisions of section 68 of Code, that marine court judgments shall, after filing of transcripts, have the same effect as a lien, and be enforced in the same manner as and be deemed a judgment of the court of common pleas.

Crofut agt. Brandt.

The " effect " and the manner of " enforcing " the *judgment* cannot affect the statutory fees on the *execution*. And the statute giving the fees was passed in 1857, *six years* after the passage of section 68 in the present form.

C. BAINBRIDGE SMITH, *for defendant and respondent.*

*First.* At common law a sheriff had no right to take fees for performing any acts of official duty (*Dew* agt. *Parson*, 1 *Chitty R.*, 29 ; *S. C.*, 18 *E. C. L. R.*, 87 ; *Sherley* v. *Packer*, 1 *Rolls.*, 313 ; *Bacon's Abr.*, "*Fees*," *A.* ; *Com. Dig.*, "*Fees*," 1).

*Second.* By statute the sheriff is allowed to take certain specified fees, and he is prohibited from taking or receiving any other or greater fees for any services than those prescribed (2 *R. S.*, 630, §§ 5, 6, 7 ; 2 *id.*, *Edmonds' ed.*, 663, § 38 ; *id.*, 669, § 5 ; *Laws of* 1850, *chap.* 225 ; *id.*, 1847, *chap.* 455, § 17 ; *Downing* agt. *Marshall*, 37 *N. Y.*, 380).

1. The sheriff has no authority to charge for keepers' fees in watching the property (*Lynch* agt. *Meyer*, 3 *Daly*, 256 ; *Lord* agt. *Richmond*, 38 *How. Pr. R.*, 173 ; *Dooley* agt. *Root*, 13 *Gray*, 303 ; *Krum* agt. *King*, 12 *Calf.*, 417 ; *Mathers* agt. *Ramsey*, 2 *Disney* [*Ohio*], 334 ; *Searle* agt. *Blaise*, 14 *Com. B. N. S.*, 856 ; *Halliwell* agt. *Heywood*, 10 *Weekly R.*, 780 ; *Bilke* agt. *Havelock*, 3 *Camp.*, 374 ; *Buckle* agt. *Bewes*, 5 *D. & R.*, 498 ; *S. C.*, 3 *B. & C.*, 688).

2. The sheriff is not allowed for expenses paid for labor or cartage (*Mathews* agt. *Ramsey*, 2 *Disney* [*Ohio*], 334 ; *Phillips* agt. *Canterbury*, 11 *Mees. & W.*, 608 ; *Davies* agt. *Edmonds*, 12 *id.*, 30).

3. The sheriff is not allowed for storage and insurance (*Browning* agt. *Hanford*, 5 *Hill*, 588).

4. Nor for services in preparing goods for sale (*Searle* agt. *Blaise*, 14 *C. B. N.*, 856 ; *Phillips* agt. *Canterbury*, 11 *Mees. & W.*, 618).

5. Nor for any service or disbursement not provided for

by the Revised Statutes (*Hatch* agt. *Mann*, 15 *Wend.*, 49; *Benedict* agt. *Warrener*, 14 *How. Pr. R.*, 568; *Davies* agt. *Edmonds*, 12 *M. & W.*, 30; *Bussier* agt. *Pray*, 7 *S. & R.*, 447).

*Third.* As the judgment had been paid by the defendant, the sheriff had no lien upon the goods he levied upon for any fees whatever (*Croft* agt. *Merrill*, 14 *N. Y. R.*, 456; *Jackson* agt. *Anderson*, 4 *Wend.*, 474; *Sherman* agt. *Boyce*, 15 *John.*, 443).

J. F. DALY, *J.*—The facts appear in the opinion of the judge at special term, whose order is appealed from. For the reasons stated in that opinion, the order should be affirmed.

The authorities cited by the sheriff on the argument before us do not conflict (except the case of *Smith* agt. *Birdsall* 9 *Johns.*, 328, of which notice is taken below), with the conclusion therein arrived at. In *Gallagher* agt. *Eagan* (2 *Sand. Sup. Ct.*, 744), the plaintiff, in an action for the foreclosure of a mortgage was allowed to tax, as a disbursement, thirty-seven and one-half cents each for serving notices of object of action. The sheriff served the notices, and, the plaintiff having paid him, desired to tax the disbursement.

The court said that the expense was necessarily incurred, and was a reasonable disbursement, that it was unimportant whether the sheriff served them or whether any other person did. That it was not allowed as sheriff's fees, but was given for an unofficial act, which could be done by any other person as well; thirty-seven and one-half cents was allowed, as under the statute that was the fee allowed in the court of chancery for the same service.

In the case of *Bright* agt. *The Supervisors of Chenango*, (18 *Johns.*, 243), the county clerk was directed by statute to procure the necessary books for recording deeds, &c., and was also directed by statute to send certain notices to judges and justices of the peace.

The statute did not provide for payment. On his applica-

tion a mandamus was allowed to the supervisors of Chenango county to allow him his disbursements for the books and notices, because the books were not for the benefit of the officer, but the public. The tenure of his office was during pleasure, and its emoluments were, in most cases, moderate, and in some very small; the books became permanent records and the property of the county, and the sending of the notices was for the benefit of the county.

In *The People ex rel. Hilton* agt. *The Supervisors of Albany* (12 *Wend.*, 257), the county judge was required to attend at the county clerk's office and witness the drawing of juries for the common pleas and mayor's courts. No compensation was provided by statute. A mandamus was allowed to the supervisors to audit his claim for compensation for such services, because the practice of the court had been to allow public officers compensation for the performance of duties for which no compensation is provided by law, and the legislature, knowing such practice (as it was assumed), had made no enactment to the contrary, thus tacitly approving it, and this service had no connection with the judge's judicial duties.

It will be seen that in the two latter cases the charge was allowed as a public charge against the county for a public service, and not as an allowance to a defendant or party to an action for extra trouble in enforcing process against him, and there is no analogy between them and the case at bar. It will be noticed that in the case of Bright the tenure and emolument of office are considered in allowing his claims. If such considerations are to enter into each case, it can hardly be contended that any rule exists for the allowance.

In the case first cited (*Gallagher* agt. *Eagan*), extra allowance was not made to the sheriff, but to the plaintiff in the action, and the court expressly declared that it was allowed not as fees to the sheriff, but as a disbursement for a non-official act which any person might have performed.

In *Smith* agt. *Birdsall* (9 *Johns.*, 328), the sheriff, Smith,

recovered judgment against Birdsall for $61.68 fees and disbursements for arresting him on an attachment for contempt, and taking him to Albany. The court said the charges were reasonable and just, and no more than an indemnity; the defendant was in contempt and liable to the costs and expenses of the attachment; the *habeas corpus* act allowed a mileage for bringing up a prisoner and taking him back if remanded; and that where the law is silent as to charges for particular services, the court, if they allow anything, must allow what is reasonable.

If this case might have been considered authority for such charges of the sheriff as those made in the present matter, it cannot be followed in view of the decision in *Hatch* agt. *Mann* (15 *Wend.*, 44), and *Downing* agt. *Marshall* (37 *N. Y.*, 380).

In the latter case it is said, that persons acting in *autre droit* as executors, administrators, guardians, receivers, &c., are, upon a faithful execution of their trusts, to be indemnified out of the trust property for all expenses necessarily incurred in the faithful performance of their duties. But the sheriff is in no sense here intended a trustee. Nor does he act in *autre droit* in taking property of the judgment debtor on execution.

The case of *Hatch* agt. *Mann* (*supra*), has been cited in this court at general term, 1859 (*Dows* agt. *McGlynn* 6 *Abb.*, *Pr. R.*, 242), as authority for declaring an agreement to pay extra fees to a constable, a void agreement, and the supreme court at special term (August, 1873, *Fowler* agt. *The Mayor*, &c., DANIELS, *J.*) has followed the decision of this court in the order appealed from, and disallowed the sheriff's charges for keeper's fees.

In the matter of poundage on the execution, it seems that the sheriff is entitled to no more than upon executions issued upon judgments of this court. This judgment of the marine court, the transcript having been filed with the county clerk, is to be deemed a judgment of this court (*Code*, § 68; com-

pare amendment of 1851 with the section as enacted in 1849).

The execution having been issued out of this court, is therefore an execution to enforce a judgment of this court, and not of the marine court. The fee bill as to poundage on executions *issuing out of the marine court,* cannot apply even if any authority were shown, for the poundage claimed on such executions. The act of 1824 (*page* 293), under which the charge is made, of five cents for every dollar under fifty dollars, and two and one-half cents for every dollar over fifty dollars for serving executions, relates only to courts held by justices of the peace, and the city and county of New York is expressly excepted from it. The fees allowed by the act of 1813 (*chap.* 86, *R. L., vol.* 2), viz., twenty-five cents for serving execution of $2.50 or under, and six cents for every $2.50 thereover, were repealed by the act of 1833 (*chap.* 313), and no other statute that I can find, establishes for the marine court, the fee for serving execution, payable to constable, marshal or sheriff.

Order appealed from affirmed.

Loew, *J.*—This is doubtless a hard case for the sheriff, but there is no authority in law for allowing him such charges and expenses upon the levying of an execution, as are claimed by him.

At common law the sheriff was not entitled to charge anything for executing process (*Coke Lit.,* 368, *b.*; *Woodgate* agt. *Knatchbull,* 2 *T. R.,* 158; *Dew* agt. *Parsons,* 2 *Barn. & Ald.,* 565).

The right to exact compensation was first given by statute (23 *H. b. c.,* 9, 10 ; 29 *Eliz. c.,* 4), and these early statutes gave a certain amount per pound upon the sum collected by the levying of an execution, afterwards called poundage, and in regard to other services in the execution of process, the fees the sheriff might take for the same were specifically fixed, and, in respect to others, he might take what he and the

justices could agree upon (*Dalton's Sheriff*, c., 119). Coke says, in referring to these and other statutes, that the sheriffs cannot take anything except *where* and *so far* as these statutes have allowed them (*Coke Lit.*, 368 *b*).

With us sheriff's fees have been regulated by statute since collonial times. Our statutes have always allowed poundage upon the levying and satisfaction of an execution, even though the sheriff may not sell the property levied upon (2 *Rev. Stat.*, 645; *People* agt. *Adams*, 1 *Code Rep.* [*N. S.*], 226; *Bolton* agt. *Lawrence*, 9 *Wend.*, 437), together with certain other specific allowances for services connected with executions and other process.

The right of the sheriff to compensation has been recognized in cases which have been regarded as outside of the statutes, some resting upon long established custom, of which instances are given in *Dalton's Sheriff*, *pp.* 468, 469, or where the service is not in any suit or process, but for the benefit or use of the county, which are the cases enumerated by judge DALY. But I know of no case, and apprehend that none can be found, in which it has been held that an expense incurred by the sheriff in taking charge of the property levied upon, or in guarding it, or in arranging it for sale, can be deducted by him from the amount collected upon the execution, or recovered by him in any form; all such expenses, charges and services being embraced in the general allowance made to him upon executions called poundage.

But, on the contrary, there are cases holding otherwise. Thus, in *Buckle* agt. *Bewes* (5 *D. & R. Y.*, 495, 3 *b. & c.*, 688), where the sheriff retained, out of the proceeds of a sale upon execution, the expense he had been put to in keeping the goods, pending an injunction in chancery, it was held to be a taking of more than the poundage allowed by the' statute of 29 *Eliz.*, c., 4, and that he thereby incurred the penalty of the statute against extortion. In *Slater* agt. *Hames*. (7 *Mees. & W.*, 413), the sheriff deducted from the proceeds of a sale upon execution, expenses incurrred in

Crofut agt. Brandt.

taking precautions to prevent a rescue of the goods, the expense of removing them for sale, and the auctioneer's commissions, all of which he was ordered by the court to refund, upon the ground that he was only entitled to poundage under the 29 *Eliz.*, *c.*, 4, and such fees as were allowed by the table of fees in 7 *Will.*, 4, and 1 *Vict.*, *c.*, 55, and see, to the same general effect, *Woodgate* agt. *Knatchbull* (*supra*), *Phillips* agt. *Canterbury* (11 *Mees.* & *W.*, 619), *Matthews* agt. *Ramsay* (2 *Disney* [*Ohio.*], 334), *White* agt. *Madison* (26 *N. Y.*, 127), *Lynch* agt. *Meyer* (3 *Daly*, 256).

For these reasons, in addition to those given by judge DALY in his opinion, I agree that the order appealed from should be affirmed.