GEORGE D. SEYMOUR AND OTHERS, APPELLANTS, *v.* RICHARD R. NEWTON AND HENRY A. REED, RESPONDENTS, IMPLEADED WITH OTHERS.

*Constable — cannot levy upon property, already levied upon by the sheriff.*

Where a sheriff has made a valid levy under an execution and taken the property into his possession, a constable, to whom executions against the same defendant are subsequently issued by a justice of the peace, cannot make any levy on such property, nor can he sell the same subject to the levy made by the sheriff.

APPEAL from a judgment in favor of the defendants, entered upon the trial of this action by the court without a jury.

On March 27, 1876, the plaintiffs recovered two judgments against one E. A. Watrous, in a justice's court, amounting to $307.54, and at the same date executions thereon were issued to the defendant Newton, a constable. On the same day the defendant attempted to levy upon certain property of Watrous, indorsing on the executions the time of levy and a description of the property. The execu-

tions were renewed several times and were returned unsatisfied November 21, 1876.

The defendant Newton justifies his return upon the fact that on March 17, 1876, the sheriff of St. Lawrence county, by virtue of an execution in favor of John D. Judson, for $2,937.44, levied upon the property of said Watrous, and on the 27th March, 1876, the sheriff had received other executions in favor of Judson, amounting in all to $5,157; that the property was sold under these executions and the moneys realized was insufficient to pay the executions prior to plaintiffs. The property was inventoried by the sheriff and the goods in the store valued at $14,704.91, and other property at $549.50. The sheriff charges the fund $355.15, paid for taking inventory; $500 rent, and $30 insurance, all of which charges against the fund the court was requested to disallow. On the 30th March, 1876, the sheriff was enjoined by an order in bankruptcy from selling or disposing of any of the property. The property was sold in a lump August 26, 1876, and was bought by Mr. Ashley, who bid forty-one per cent of the inventory value. This action was brought against Newton and his bondsmen. The justice held on the trial that the property having been levied upon by the sheriff, the defendant could make no valid legal levy thereon, because he could not take the property from the custody of the sheriff. Judgment was rendered in favor of the defendants for costs.

*William Peters*, for the appellants. The levy by the constable, on March 27, 1876, was a good and valid levy, although the goods were then held by the sheriff under other executions, there apparently being sufficient property to satisfy all the executions. (*Benson* v. *Berry*, 55 Barb., 621.) The levy of the sheriff was excessive, for which the constable had a remedy against him, but not the plaintiffs. (*Howland* v. *Willetts*, 9 N. Y., 173–174; *Barker* v. *Matthews*, 1 Den., 335.) The constable should have sold the property subject to the prior levies. (*Betts* v. *Hoyt*, 19 Barb., 412.)

*Magone & Holbrook*, for the respondents.

BOCKES, J. :

The sheriff had made a valid and effectual levy upon all the property of Watrous, under execution against the latter, and had

the property in his actual possession under such levy. The defendant Newton, a constable with two executions in his hands, issued by a justice of the peace against the property of Watrous, went into the building where the property was kept by the sheriff, and formally entered a levy thereon by indorsement on the execution. Afterwards the property was sold by the sheriff under the execution in his hands, and Newton the constable being unable, either to obtain the property or any of the avails from the sheriff, returned his executions unsatisfied. This action is brought by the plaintiff in those executions against Newton, the constable and his bondsman, to recover the amount of those executions. The learned judge held that no valid levy could be made by the constable upon the property while in the hands of the sheriff under levy by the latter. This ruling is sustained by authority. (*Hartwell* v. *Bissell*, 17 John., 128; *Dubois* v. *Harcourt*, 20 Wend., 41; *Gilbert* v. *Moody*, 17 id., 358; *Acker* v. *White*, 25 id., 614; *Hagan* v. *Lucas*, 10 Peters [U. S. R.], 400.) In the last case cited, Justice McLean, speaking for the court, remarks as follows: " In Holt, 643, and 1 Show., 174, it was resolved by Holt, Chief Justice, that goods being once seized, and in custody of the law, they could not be seized again by the same or any other sheriff; nor can the sheriff take goods which have been destrained, pawned, or gaged for debt (4 Bac. Ab., 389), nor goods before seized on execution, unless the first execution was fraudulent, or the goods were not legally seized under it." In this case, as in the case at bar, the authority for the seizure of the property came from different jurisdictions. After an execution has been levied by a sheriff, the receipt of a second execution by that officer against the same defendant operates as a constructive levy upon the property previously levied on by him. (*Birdseye* v. *Ray*, 4 Hill, 158, 160.) In such case the property is in the actual custody of the officer, hence the lien by levy attaches without further action. To constitute a valid levy, the officer must bring the property under his dominion and control. This he cannot do while it is in the hands of another officer under levy, for he could not lawfully obtain any dominion over it while thus in the custody of the law. Property in pledge could not at common law be levied on under execution against the pledgor, and it requires a statute to

give such right. (2 R. S., 366, § 20; *Bakewell* v. *Ellsworth*, 6 Hill, 484; *Hull* v. *Carnley*, 11 N. Y., 507, 508; *Harris* v. *Murray*, 28 id., 576; *Stief* v. *Hart*, 1 id., 20.) In the case at bar the constable, by levy, could not obtain any dominion or control over the property in the sheriff's hands under valid levy by him. It is suggested that the constable might have sold the property subject to the levy by the sheriff; not so, however. unless he might control its possession. Even the advertising it for sale would have been equivalent to divesting the sheriff of his possession (*Hull* v. *Carnley*, 11 N. Y., 508); and this he could not lawfully do. He could not take the property from the sheriff; nor as against that officer could he have any dominion over it, and, of course, could not sell it under his execution. It follows, therefore, that the defendant Newton, the constable, had no valid levy upon the property of Watrous in the sheriff's hands, which he could enforce, and it is not pretended that he omitted to levy upon any from which satisfaction of the executions in his hands, or of any part of them, could have been made. But it further appears that the sheriff exhausted the property in making satisfaction of the executions which admittedly had priority over them held by the constable. Without elaborating this point, it is sufficient to say that it is not made to appear that the sheriff realized from the property more than was required to pay the prior executions with the necessary and proper disbursements in taking needful care of it, with the fees and poundage to which he was entitled.

The judgment must be affirmed, with costs.

LEARNED, P. J.:

I concur in the result of this decision; but under the decision in *Crofut* v. *Brandt* (46 How. Pr., 481); affirmed in 47 id., 263, and of *White* v. *Madison* (26 N. Y., 127), I don't think that the sheriff exhausted the property in making satisfaction of the execution in his hands. He appears to have retained money for charges which he was not authorized by law to make.

BOARDMAN, J., concurred.

Judgment affirmed, with costs.