*Margin note: ALBANY, Feb. 1824. Mallory v. Supervisors of Cortland.*

---

In the matter of WILLIAM MALLORY, late Clerk of CORT-LAND County, *against* THE SUVERVISORS of the same County.

AT the last term a rule was obtained requiring the Supervisors of Cortland county to show cause, on the first day of the present term, why a mandamus should not issue against them commanding them to allow Mr. Mallory's account for his services as Clerk of the court of oyer and terminer and general sessions of the peace of that county, from May, 1815, to August, 1819. The account had been presented to the board of Supervisors of that county, and disallowed by them on the ground that no compensation is allowable by law.

*Margin note: The clerks of oyer and terminer, and general sessions of the peace, are not entitled to compensation for their services rendered to the public, except in the city of New York.*

ALBANY,
Feb. 1824.

Mallory
v.
Supervisors of
Cortland.

*J. A. Spencer,* now moved that the rule be made absolute. He cited *Bright* v. *The Supervisors of Chenango,* (18 John. 242.)

*J. Koon,* contra, cited 1 R. L. 400, s. 10, which directs the exchequer to audit the bills of the Clerk of oyer and terminer and general sessions in the city of New York ; the 7th section of the act of April 21, 1818, (4 St. Laws, 306 c.) directing all fines to be paid to the County Treasurer, for the use of the county ; the first section of the act of April 2 1819, (5 vol. Laws, 96 a.) which provides that the statute last cited shall not affect the fees of the Clerk of the city of New York. The second section then provides that his fees shall be audited by the General Sessions.

He said he could find no statute giving fees to the Clerks of other counties. By a special provision in favor of the Clerk of New York, the Legislature denied that these fees were due upon any general principle. Grand jurors and witnesses would be equally entitled to pay.

The case of *Bright* v. *The Supervisors of Chenango,* is distinguishable from this. The services there, were for the direct benefit of the county ; here they were done for the general benefit of the state.

*Spencer,* in reply, said the act of 1810 (sess. 33, ch. 196, s. 7) denied fees to county Clerks for services in criminal prosecutions, and expressly directed the board of Supervisors not to allow any compensation. The revisal of 1813, contains no such provision, but leaves the case within the general principle established in *Bright* v. *The Supervisors of Chenango,* that where services are performed for. the benefit of the county, they form a proper subject of compensation through the board of Supervisors.

*Curia,* per WOODWORTH, J. Before the revision of 1813, the act regulating the fees of the several officers and ministers of justice within this state, (2 K. & R. 76,) allowed fees to the Clerk of the oyer and terminer for certain services ; but there was no statute providing for the manner in which these were to be paid. The practice was, for the board of Super-

visors to allow them as a part of the contingent expenses of the county, till forbidden by the act of 1810, (sess. 33, ch. 196, s. 7.) The law stood thus till 1813 ; and I remember that this 7th section was included in the revised bill then submitted by the revisors for re-enactment, but struck out by the Legislature. They probably thought that as the fee bill was omitted, this negatived an intention to allow any thing, and there was no need of continuing the express prohibition.

ALBANY,
Feb. 1824.

Doubleday
v.
Supervisors of
Broome.

Since that time, if these charges are admissible, it must be upon the general principle contained in *Bright* v. *The Supervisors of Chenango*, that compensation should be allowed where the service rendered was specially for the benefit of the county, and for which other provision had not been made. But the course which the Legislature took with the revised bill, evinces that they did not mean to allow any compensation.

The same reasoning applies to a claim for services as Clerk of the sessions. There is no fee bill in the statute. The same Clerk serves for both courts ; and the Legislature, doubtless, intended to leave him on the same footing, as to his public services, in each. The motion must accordingly be denied.

Rule discharged.