In the matter of A. DOUBLEDAY, late Clerk, *against* THE SUPERVISORS of BROOME County.

J. A. COLLIER, moved for a rule to show cause why a mandamus should not issue to be directed to the Supervisors of Broome county, commanding them to allow the account of A. Doubleday, late Clerk of that county, for his services as Clerk of the sessions and oyer and terminer from September, 1817, to December, 1820, in engrossing the minutes

*Clerk of oyer and terminer and general sessions is entitled to compensation for engrossing and entering the minutes of these courts ; Which the supervisors should audit.*

Where services are rendered for the benefit of the county, and no specific mode of compensation is provided, they should be audited by the supervisors as a part of the contingent charges of the county.

ALBANY,
Feb. 1824.

Doubleday
v.
Supervisors of
Broome.

of these courts, and copying and entering the same. He read an affidavit, showing that this account had been presented to the board of Supervisors of that county, and disallowed on the ground that no compensation is allowable by law, for these services.

He said he should not detain the Court by any remarks upon the propriety of the claim, as the subject had already been discussed at the present term. (Vid. the next preceding case.)

WOODWORTH, J.  I think this case distinguishable from the last. The charge is not for services performed strictly as Clerk in court, but about recording the minutes which he had before officially taken. This business may be, and usually is done out of court, or in vacation. It is a benefit, and indeed necessary for the county, that this should be performed ; and we have no evidence that the Legislature intended it should be done gratuitously. A similar application was made in October term, 1822, *ex parte* the Clerk of Westchester, and a rule granted to show cause. I think. the case is within the principle laid down in *Bright* v. *The Supervisors of Chenango*, (18 John. 242,) that where the service is rendered specially for the benefit of the county, and no specific provision has been made for payment, they constitute a part of the contingent charges of the county, to be audited by the board of Supervisors. This rule was fully considered in the case cited ; and the Court intended that it should apply as broadly as the language in which it is expressed.

SAVAGE, Ch. J. concurred.

SUTHERLAND, J. dissented.  He thought this case distinguishable from that of *Bright* v. *The Supervisors of Chenango*, which has gone far enough. An allowance was there made for extraordinary services which did not devolve upon the relator as Clerk. He acted in the light of a commissioner ; and it was the same thing, as if any other person had been appointed to purchase the books and transmit the notices. But here the charge is for performing an ordinary

duty, belonging to the County Clerk. Acting as Clerk of the sessions and oyer and terminer, is a part of his duty. The Legislature must have known this to be so. It is as plainly imposed upon him by law, as that he should be Clerk of the Common Pleas; for which the Legislature have provided specifically. The statute even provides that he should be paid as Clerk of the sessions, for subpœnas granted to the defendant in criminal cases, (2 R. L. 147, s. 10,) but it has omitted to make any provision whatever for a compensation, when he acts in the same cases for the public. Is not this a very strong legislative expression, that the compensation of the Clerk, for his other services, shall be considered an equivalent for the whole? He takes the office subject to the burthen of performing his duties in the sessions and oyer and terminer gratuitously, or for what he receives in other respects. There is another feature in our statutes which strengthens this consideration. An allowance for public services, in criminal causes, to the Clerk of oyer and terminer and sessions in the city of New York, is specifically provided for by the statute, (2 R. L. 18.) This was, doubtless, upon the ground that his compensation for other duties was not an equivalent for both.

I do not think the services of Mr. Doubleday, in this instance, were extraordinary and unofficial within *Bright* v. *The Supervisors of Chenango.* That was a case of buying books for the county, and sending notices of pedlar's licenses to Judges and Justices. The duties were not only unofficial, but required disbursements in their performance; but neither is the case, with regard to the services for which compensation is now claimed. It may be very reasonable that Mr. Doubleday should be paid; but this is a consideration which belongs solely to the Legislature. Until directed by them, the allowance should not be made.

Rule to show cause.