THE PEOPLE, ex rel. R. J. Hilton, *vs.* SUPERVISORS OF ALBANY.

A judge of the county courts, who attends at the clerk's office on notice from the clerk to witness the drawing of juries, is entitled to compensation for such attendance ; the amount to be fixed by the supervisors of the county.

THE relator had presented an account to the defendant claiming compensation for his attendance as a judge of the, county courts, at the clerk's office of the county of Albany, on notice, at various times, to *witness the drawing of juries* for the *courts of common pleas* and *mayor's courts.* The supervisors refused to allow the account, and were now heard on a rule granted to show cause why a *mandamus* should not issue.

*By the Court,* SAVAGE, Ch. J.  The question is, whether a *county judge* is entitled to compensation for attending on the drawing of juries. According to 2 R. S. 413, § 26, it is the duty of such judge to attend at the clerk's office to witness the drawing the jury, upon receiving notice from the county clerk. Is he entitled to compensation? The principle of the case of *Bright* v. *Supervisors of Chenango,* 18 Johns. R. 242, is, that a public officer, who is required to perform a certain service, and no compensation is provided for such service, is entitled to receive a reasonable allowance therefor, to be audited by the board of supervisors. The same principle was recognized in the cases of *Mallory* v. *Supervisors of Cortland,* and *Doubleday* v. *Supervisors of Broome,* 2 Cowen, 531, 533. In the first of these cases, the right to compensation was denied, on the ground of a direct expression of the legislature that no compensation should be given. It cannot, I think, be successfully contended, that the service in question has any necessary connection with the judicial duties of the judge, for his place may be supplied by two justices. He has no judicial

December 18

act to perform any more than the sheriff; they are to witness the drawing, to see that the clerk is guilty of no improper act. The performance of the duty may be, and generally must be attended with expense; and it is not to be presumed that the legislature intended that the officer should lose both his time and money without just compensation. It is very probable, too, that the reason why no fixed sum was given, was, that the legislature knew the principle upon which this court had acted in the case referred to; and thought that justice would be better done by leaving the amount of compensation to the supervisors than by giving a gross sum, which in some cases might be liberal, and in others totally inadequate. The revised statutes having been passed since the decisions above referred to, and containing no provision on the subject, impliedly sanction the principles established by this court. Whether the relator has charged the proper sum, is a question for the discretion of the supervisors. All I mean to say is, that he is legally entitled to compensation for the service.