## SUPREME COURT.

### Ezra H. Benedict agt. Ralph Warriner and others.

The only law regulating *sheriff's fees* in civil actions is contained in the Revised Statutes, (2 *R. S.* 645, § 38.)

Although many of the services for which fees are there provided, and most of the process therein named, have become obsolete since the adoption of the Code, yet sheriffs must be allowed for services now, the same rates given by the Revised Statutes, for services of similar character, previous to the adoption of the Code.

The service of a *notice of the object of suit*, with the summons in a foreclosure case, is provided for by the Code, (§ 131,) and when served by the sheriff his certificate of service is made proof of the fact, (§ 138.)   But the statute gives no fee to the sheriff for such service; nor is there anything in the sheriff's fee bill for which it is a substitute, or to which it bears any analogy.   As to that service, the sheriff stands precisely as any other person.

When, therefore, such service is actually rendered by the sheriff, or by any person, other than the party or his attorney, there is no objection in allowing to the prevailing party a reasonable sum for such service, (no *copy* of notice can be allowed,) as *disbursements*, if separately stated and duly verified.

For such service, one-half the sum allowed for serving the summons, is deemed sufficient; that is, twenty-five cents for each defendant served.

When such notice is served by the sheriff, the *certificate* of service should be embodied in the return to the summons; but whether it be or not, no fee is provided for it, nor can any be allowed.   Unlike the certificate to the summons, it is not a return to process.

The sheriff is entitled for a return to the summons issued to each county twelve and a half cents; and for every mile travelled in going (one way) to be computed from the court-house, six cents; but only one travel fee can be allowed upon each writ.

Benedict agt. Warriner and others.

*Saratoga Special Term, September,* 1857.

Motion for re-adjustment of costs.

On application for the adjustment of costs in this action, the plaintiff claimed to be allowed as disbursements, the following items for the service therein named.

Sheriff's fees for serving summons and notice of objects of suit upon five defendants in the city of Troy, $6 ; for like service on one defendant, in the city of Albany, $1.13 ; for the like service on five defendants, at Saratoga Springs, $5.62 ; for the like service on five other defendants, at Saratoga Springs, $7.50 ; for the like service on two other defendants, at Saratoga Springs, $3.26.

These several items were properly objected to as overcharged. It was agreed that the cities of Troy and Albany, were both shire towns, and that Saratoga Springs was but seven miles distant from the court-house. The clerk disregarded the several objections, and allowed the whole sum claimed. The defendant now moves for a re-adjustment.

C. S. Lester, *for the motion.*

Wm. T. Odell, *opposed.*

James, Justice. The only law regulating the fees of sheriffs in civil actions, is to be found in the Revised Statutes, (2 *R. S.* 645, § 38.) Many of the services for which fees are there provided, and most of the process therein named, have become obsolete since the adoption of the Code of Procedure ; and it is to be hoped that the legislature will, at an early day, so amend the sheriffs' fee bill, as to have it conform to the present system of practice.

But while the present laws continue, sheriffs will be allowed for services now, the same rates given by the Revised Statutes for services of similar character, previous to the adoption of the Code.

The fees given by the Revised Statutes, so far as applicable to the present motion, are as follows : " For serving a *capias ad respondendum,* writ of replevin, summons, or any other process,

by which a suit shall be commenced in a court of law, citation, *scire facias* or declaration, when there shall have been no process previous thereto, fifty cents; for travelling in making such service, six cents per mile, for going only, to be computed in all cases, from the court-house of the county, and returning a writ, twelve and a half cents."

The summons is now the substituted process for the commencement of civil actions, (*Code*, § 127.) It may be served by the sheriff, or by any other person, except a party; but when served by the sheriff, his certificate is made proof of such service, (*Code*, §§ 133, 138.) For serving a summons, the sheriff is entitled to fifty cents for each defendant served. He is also entitled to six cents per mile, for going only, to be computed from the court-house. But this fee only applies to the process itself, and not to the number of defendants named, or who may be served. But one travel fee can be charged on the same process. For the certificate required by Code, § 138, no compensation is provided by that name, but as it is an act which the officer is bound to perform, and invested with all the force and attributes of a former return to a writ, it must be regarded as the substitute for a return, and the officer entitled to the fees allowed for such service.

This was an action for the foreclosure of a mortgage on which notice of the object of the action was served by the sheriff, with the summons. The service of such a notice with the summons is provided for by the Code, (§ 131,) and when served by the sheriff, his certificate of service is made proof of the fact, (§ 138.) But the statute gives no fee to the sheriff for such service, nor is there anything in the sheriffs' fee bill, for which it is a substitute, or to which it bears any analogy.

It cannot be regarded as any part of the process, as it was entirely optional with the plaintiff whether he would give the notice or not; and the summons was perfect without it. As to that service, therefore, the sheriff stands precisely as any other person.

In *Gallagher* agt. *Eagan*, (2 *Sand.* 742, 745,) it was held that for such services, whether performed by the sheriff or any other

Benedict agt. Warriner and others.

person, the fee of thirty-seven and a half cents, might be allowed in analogy to the fee formerly allowed by statute for the same service, in the late court of chancery. When such service is actually rendered by the sheriff, or by any person, other than the party or his attorney, I can see no objection in allowing to the prevailing party a reasonable sum for such service as disbursements, if separately stated and duly verified. The fee spoken of in *Gallagher* agt. *Eagan*, was for copy of notice and service. Under no color or pretence can there be an allowance for copy of the notice. The service is the only matter which can be allowed, and for that, one half the sum allowed for serving the summons I deem sufficient. It is performed at the same time with the service of the summons, and affords ample compensation for the labor.

When such notice is served by the sheriff, the certificate of service should be embodied in the return to the summons, but whether it be, or be not, no fee is provided for it, nor can any be allowed. Unlike the certificate to the summons, it is not a return to process.

I shall, therefore, direct the clerk to re-adjust the costs in this case, and to allow to the plaintiff as disbursements for each defendant served by the sheriff with the summons, fifty cents; for each defendant served by the sheriff with the notice of object of suit, twenty-five cents; for a return to the summons issued to each county, twelve and a half cents; and for every mile travelled in going, to be computed from the court-house, six cents, but only one travel fee to be allowed upon each writ.