PEOPLE *ex rel.* BROWN, appellant, v. GREEN, comptroller, etc.

### (No. 2.)

*Counties — charges against — stationery furnished to sheriff — void audit.*

The relator supplied to the sheriff of New York county note, foolscap and letter paper, envelopes and writing and blotting materials. *Held,* that the articles could not be allowed as a charge against the county. There is no statute authorizing the furnishing of such things, and they do not come within the rule that, wherever services have been rendered which are beneficial to a county, and no specific compensation is provided for the same by law, they shall be deemed contingent charges against the county.

*Held,* also, that the charges, not being good against the county, an audit and allowance of them, by the board of supervisors, would be void.

THIS action is of the same nature as No. 1 of the same title. In this case the claims against the county sought to be enforced were for stationery supplied to the sheriff of the city and county of New York.

*Brown, Hall & Vanderpoel,* for relator.

*E. Delafield Smith,* for respondent.

BRADY, J. The result arrived at in case No. 1 applies here. If the relator be entitled to payment for the merchandise supplied, he

must have his vouchers examined and allowed by the auditor, and the approval of the comptroller, under the provisions of the act of the legislature, passed 1870, chapter 190, Laws of that year. The auditor has not been called upon to perform that duty, and is not a party to this proceeding. The comptroller is not to act until the auditor has performed his duty. There is another reason why the mandamus should not be allowed. The articles supplied to the sheriff are not properly chargeable to the county. They consist of note, foolscap and letter paper, envelopes and writing and blotting materials. There is no statute authorizing the furnishing of these things, and they do not pass to the sheriff's successor. They are doubtless indispensable to the proper discharge of the duties of the office, and might justly be declared a charge upon the county by legislative enactment, but they have not been. The sheriff's fees were probably considered sufficient to meet all the incidental expenses of this nature that might occur in his office. He is required to deliver to his successor process and documents in his custody appertaining to his office. Crocker on Sheriffs, § 8. And, it may be, books and papers of the same character, under the provisions of the Code, sections 437, 438, where the proceeding to which they refer is adopted, but that is doubtful. The books and records kept by him would seem to be private property. It is true that this court has held, in several cases, that wherever services have been rendered which are beneficial to a county, and no specific compensation is provided for the same by law, they shall be deemed contingent charges against the county. *Bright* v. *Supervisors of Chenango*, 18 Johns. 242 ; *Mallory* v. *Supervisors of Cortland ;* *Doubleday* v. *Supervisors of Broome*, 2 Cow. 583 ; *People* v. *Supervisors of Albany*, 12 Wend. 257 ; see, also, *Brady* v. *Supervisors of New York*, 2 Sandf. 460. But the claim which the relator urges is not within the class protected by these decisions. It seems to be clear that he cannot recover this demand. If the charges are not good against the county, the audit and allowance is void. *People ex rel. Kelly* v. *Haws*, 21 How. Pr. 117. The order should be affirmed.

INGRAHAM, P. J., concurred.

*Order affirmed.*