ANDREW J. CROFUT et al. (MATTHEW T. BRENNAN, Sheriff, etc., Appellant), *v.* JOHN BRANDT, Respondent.

The poundage and fees allowed by statute to a sheriff upon an execution are in full compensation for his services and expenses in executing the writ. He is not entitled to charge for keeping and watching the property levied on, for boxing and removing the same, for storage, for cataloguing or other preparations for sale, or for auctioneer's fees; nor can he charge for premiums paid for insurances or for expenses by reason of an adverse claim to the property.

The relation of a sheriff to an execution debtor is not analogous to that of a servant to his master.

As to whether, when expenses are incurred by the sheriff at the request of and upon the promise to repay of one of the parties and for his benefit or convenience, he can recover the same of such party, *quære.*

Whether in case he levy upon beasts he can charge his expenditures for food, shelter and care for them, *quære.*

The authorities as to the fees chargeable by a sheriff, and as to charges by officers for the performance of duties imposed upon them as such, collated.

*Gallagher* v. *Egan* (2 Sandf., 744), *Benedict* v. *Warriner* (14 How., 568) and *Doubleday* v. *Suprs. of Broome* (2 Cow., 533) distinguished; *Bright* v. *Suprs. of Chenango* (18 J. R., 243), *People ex rel. Hilton* v. *Suprs. of Albany* (12 Wend., 257) questioned and distinguished.

Where a transcript of a judgment of the Marine Court of the city of New York is filed in the county clerk's office and an execution thereon issued to the sheriff, it is to be deemed a judgment of the Court of Common Pleas and is to be enforced in the same manner (Code, § 68); and the sheriff is not entitled to charge poundage as allowed upon executions from the Marine Court, but is restricted to his statutory allowances.

(Submitted June 9, 1874; decided June 19, 1874.)

APPEAL by Matthew T. Brennan, sheriff of the city and county of New York, from an order of the General Term of the New York Common Pleas, affirming an order of

Special Term taxing sheriff's fees and disbursements upon execution.

This action was commenced in the Marine Court of the city of New York. Plaintiffs recovered a judgment, a transcript of which was filed in the office of the county clerk, judgment there docketed and an execution thereon issued to said sheriff, who, by virtue thereof, levied upon certain goods of defendant. The amount directed to be collected was $989.31, with interest. Defendant paid the judgment and applied to have the sheriff's bill taxed. The sheriff presented his account and claimed to be allowed the following charges:

| | | |
|---|--:|--:|
| Poundage on execution, $989.31 | $25 | 98 |
| Levy and return fee | 2 | 69 |
| Expenses keeping and watching property where levied on | 150 | 00 |
| Labor, boxing property, etc | 20 | 00 |
| Amounts paid for cartage August seventh | 25 | 00 |
| Amounts paid for cartage August eighth | 52 | 50 |
| Amounts paid for cartage August ninth | 33 | 00 |
| Storage and insurance | 45 | 00 |
| For services, preparing goods for sale, cataloguing, and on sale and refunding deposits on service bankruptcy injunction | 65 | 00 |
| Total | $419 | 17 |

The court allowed the following:

| | | |
|---|--:|--:|
| Poundage on $989.31 and interest to August sixteenth, $9.91=$997.21; on $250, at $2\frac{1}{2}$ per cent | $6 | 25 |
| On $747.21, at $1\frac{1}{4}$ per cent | 9 | 35 |
| Advertising sale of goods | 2 | 00 |
| Fee after advertising and before sale | 1 | 00 |
| Receiving and entering execution | | 50 |
| Travel, one mile | | 06 |
| Return | | 13 |
| Total | $19 | 29 |

*Brown, Hall & Vanderpoel* for the appellant. The sheriff, in addition to poundage, is by law entitled to the actual expenses necessarily incurred by him in the collection of the execution. (*Gallagher* v. *Egan*, 2 Sandf , 744; *Benedict* v. *Warriner*, 14 How. Pr., 568; *Bright* v. *Suprs. of Chenango*, 18 J. R., 243; *People ex rel. Hilton* v. *Suprs. of Albany*, 12 Wend., 257; *Smith* v. *Birdsall*, 9 J. R., 238; 3 R. S. [5th ed.], 930, 932; *Dickerson* v. *Cook*, 1 Duer, 679.)

*C. Bainbridge Smith* for the respondent. Defendant having paid the judgment the sheriff had no lien upon the goods he levied upon for any fees. (*Croft* v. *Merrill*, 14 N. Y., 456; *Jackson* v. *Anderson*, 4 Wend., 474; *Sherman* v. *Boyce*, 15 J. R., 443.) At common law a sheriff had no right to take fees for performing any acts of official duty. (*Dew* v. *Parson*, 1 Chitty, 29; S. C., 18 E. C. L., 87; *Sherley* v. *Packer*, 1 Rolls., ·313; Bacon's Abr., Fees, A.; Com. Dig., Fees, 1 ) The sheriff could only receive such fees as are prescribed by statute. (2 R. S., 630, §§ 5, 6, 7; 2 id. [Edin. ed.], 663, § 38; id., 669, § 5; Laws of 1850, chap. 225; Laws 1847, chap. 455, § 17; *Downing* v. *Marshall*, 37 N. Y., 380.) The sheriff has no authority to charge for keeper's fees in watching the property. (*Lynch* v. *Meyer*, 3 Daly, 256; *Lord* v. *Richmond*, 38 How. Pr., 173; *Dooley* v. *Root*, 13 Gray, 303; *Krum* v. *King*, 12 Cal., 417; *Mathews* v. *Ramsay*, 2 Dis. [Ohio], 334; *Searle* v. *Blaise*, 14 C. B. [N. S.], 856; *Halliwell* v. *Heywood*, 10 Weekly R., 780; *Bilke* v. *Havelock*, 3 Camp., 394; *Buckle* v. *Bemes*, 5 D. & R., 498; 3 B. & C., 688.) The sheriff cannot be allowed for expenses paid for labor or cartage. (*Mathews* v. *Ramsay*, 2 Dis. [Ohio], 334; *Phillips* v. *Canterbury*, 11 M. & W., 608; *Davies* v. *Edmonds*, 12 id., 30.) He will not be allowed for storage and insurance. (*Browning* v. *Hanford*, 5 Hill, 588.) Nor for services in preparing goods for sale. (*Searle* v. *Blaise*, 14 C. B. [N. S.], 856; *Philips* v. *Canterbury*, 11 M. & W., 618.) He cannot charge for any services or dis-

bursement not provided for by the Revised Statutes.   (*Hatch* v. *Mann*, 15 Wend., 49 ; *Benedict* v. *Warriner*, 14 How. Pr., 568 ; *Davies* v. *Edmonds*, 12 M. & W., 30 ; *Bussier* v. *Pray*, 7 S. & R., 447 ; *Crofut* v. *Brandt*, 46 How. Pr., 481.)

FOLGER, J.   Though this case has been elaborately considered in the three opinions delivered in the courts below, it is important enough to merit discussion here.

The appellant claims that his needful expenses in executing the process of the court, as its ministerial officer, should be reimbursed to him ; that it is a principle as old as the relation of master and servant.   There is not a close analogy between the relation of a sheriff to the public, and still less between that of a sheriff to an execution debtor, and that of a servant to his master.   A master selects his own servant, and sets him about his work for his benefit, at wages stipulated for between them.   The public must take the officer whom the law has appointed for it, whether or not satisfied with him, or with the amount of compensation the law has given to him.   The execution debtor is subject unto him, and is proceeded against *in invitum*.   And on broader ground, too, the analogy is not found.   Lord ELLENBOROUGH, C. J., says (*Graham* v. *Grill*, 2 M. & S., 294), that the right of a sheriff is *positivi juris*, not in the nature of a claim for work and labor, and that many onerous duties are cast upon a sheriff, for which the law has not provided distinctly any remuneration. Indeed, at common law, the sheriff was bound to perform his duty gratuitously ; and if he was entitled to charge anything at all, he must show his title under some act of parliament.   (*Dew, Esqr.*, v. *Parsons*, 1 Chitty, 295 ; 18 E. C. L., 87.)   And so Comyns says (his Digest, *Viscount*, F. 1), that where the law imposes a duty upon an officer, he cannot claim a remuneration for fulfilling it, unless the law has expressly conferred such right.   In *Rex* v. *Jetherell* (Parker, 177), though a sheriff was allowed his poundage on an " extent in aid " in favor of a receiver-general, his costs and charges were denied him.   It is laid down in *Lane* v. *Sewell* (1 Chitty,

175), that where the service falls within the general duty of the sheriff, it is not necessary that he should have any remuneration. So in *Slater* v. *Hames* (7 M. & W., 413), the sheriff was allowed his poundage, and such fees as were prescribed by the table of fees framed under certain statutes, and although he was put to extra trouble and expense he was refused more.

To come to the particular items of the sheriff's bill of costs and charges in this case. It is held that he cannot demand the expense of keeping a man in possession. Thus where the sheriff had received a *ca. sa.* against a defendant, and on going to his house to execute it found him in bed, being bed-ridden then for three years, and not to be removed therefrom without danger to his life, so that the sheriff must needs keep a man ever at the house. The sheriff could not legally discharge himself, by a return that he had relinquished the custody of the defendant because he could not be removed without danger to his life. (*Baker* v. *Davenport*, 8 D. & R., 606.) And yet the expense of keeping the man in custody was going near in amount to the sum of the execution. This was an extreme case. But the court refused to the sheriff more than to enlarge the time for a return of the writ. (See, also, *Bilke, Esqr.,* v. *Havelock*, 3 Camp. N. P. C., 374.) It was also held extortion in the sheriff to charge the costs of a *second* man in possession (*Halliwell* v. *Heywood*, 10 W. R., 780, Exch.); which phrase of a "second man in possession," is explained by *Slater* v. *Hames* (*supra*), *Gaskell* v. *Sefton* (12 M. & W., 810), and *Searle* v. *Blaise* (14 C. B. [N. S.], 856), from which it appears that, by statute, certain of the judges may prescribe a table of fees, and that so doing, they did allow a charge for one man in possession. But the right to this was held to be so entirely dependent thereupon, that in *Slater* v. *Hames*, though by the violent conduct of the defendant (as was claimed), it was needful to employ an extra number of men for several nights to keep safely the goods, yet no charge was allowed therefor, save that of one man. (See, also, *Davies* v. *Edmonds*, 12 M. &

W., 31.)   Nor can the sheriff charge for the expense of labor
in taking the property levied upon (*Slater* v. *Hames, supra*);
nor, upon the same reason, for cartage of goods; so the sher-
iff may not charge for the services of an auctioneer (*Rex* v.
*Crackenthorp*, 2 Anstruther, 412; *Slater* v. *Hames, supra*);
nor for preparation of a catalogue, nor other preparation for
sale (*Phillips* v. *Canterbury*, 11 M. & W., 619; *Halliwell* v.
*Heywood, supra;* see, also, *Searle* v. *Blaise* (14 C. B. [N. S.],
856); nor for expenses by reason of an adverse claim to the
goods (*Davies* v. *Edmonds*, 12 M. & W., 31; see, also, *Searle* v.
*Blaise, supra*); nor for an assistant (*Cooper* v. *Hill*, 6 C. B.
[N. S.], 703).   Whether he may charge for the expenses of
insurance is doubted in *White* v. *Madison* (26 N. Y., 117–127);
as it would seem to be the better opinion, that if he used
ordinary diligence in taking care of the goods after coming
into the possession of them, he would not be liable for losses
by fire or other accident. (*Browning* v. *Hanford*, 5 Hill, 588;
but see 5 Denio, 586; *Jenner* v. *Joliffe*, 6 J. R., 9, and
9 id., 381.)   But the extent of his liability for such
losses need not be passed upon here.  He is no more,
and just as much, liable for loss by fire as for loss by
other accident.  And if he may not charge for the expense
of keepers, he may not charge for indemnity against loss by
fire.   And the same reason applies to the charge for storage.
It is the duty of the sheriff, on receiving the writ, to proceed
to levy it upon the goods of the defendant.  When the goods
are taken, it is his duty to preserve them from loss from
wrong-doers, or from the elements, or from accident.   The
extent of diligence he must use therein, as we have said
above, is not passed upon here.  But whatever degree he is
required to use, and whatever expense he is put to therein,
comes under the same principle, that he must look to his
poundage and statutory fees for his full compensation.
Says PARKE, B., in *Slater* v. *Hames* (*supra*): "What is
the sheriff to do for his poundage?  He is not to receive
it for doing nothing.  He is sufficiently paid by it for
ordinary incidental expenses, and he must take the risk of

that." Nor is the burden upon the sheriff so great as is claimed. His responsibility is measured by the amount of property in his hands by virtue of his levy. The amount of goods under his levy is ordinarily measured by the sum indorsed upon his writ; so that his poundage keeps pace (not equal pace perhaps), with the increase of liability. He is not required, ordinarily, to keep the property in his hands but a few days, so that the expenses for storage, insurance and custody are not of long duration, and are commensurate with the value of the effects which he has seized. And, in the long run, the result in the contemplation of law is, that the fees which the law prescribes, are adequate compensation for the risk and expense incurred. And there is nothing known to us which indicates that the result is different in fact; and if it were not so, the policy of the law is, that its executive officers should go among the people to lay hands upon their property, under every needful restriction against the temptation to eat out their substance, by the increase in magnitude or diversity, of the charges and expenses of official service.

Most of the cases above cited are from English books; but the current of decision in this State is not in other course. (See *Hatch* v. *Mann*, 15 Wend., 44 [Ct. of Errors]; *Lynch* v. *Meyer*, 3 Daly, 256; see, also, *Downing* v. *Marshall*, 37 N. Y., 380–388; *Benedict* v. *Warriner*, 14 How. Pr., 568; *Mallory* v. *Sups. of Cortland*, 2 Cow., 531.)

There are certain cases upon which the appellant relies as holding otherwise. In *Gallagher* v. *Egan* (2 Sandf., 724) the court allowed a fee, paid to the sheriff for serving notice of object of action, while expressly stating that the law provided no specific fee for this service. And so did the court in *Benedict* v. *Warriner* (*supra*). But it was allowed to the plaintiff, as a disbursement for a necessary and legal service. It was not allowed as a sheriff's fee *per se*. And as it was allowable to the plaintiff as a payment for a service performed, it mattered not to whom he had paid it; whether to an unofficial servant, or to a servant, who, though he was

an officer, did not perform the service as an officer, but as a private person.

There are also cases, where a service has been performed for the public, by officers, for which no fee has been distinctly prescribed, and yet compensation has been allowed therefor by the courts. Such are *Bright* v. *Sups. of Chenango* (18 J. R., 243), and *The People ex rel. Hilton* v. *Sups. of Albany* (12 Wend., 257). The first was the case of a county clerk, who had advanced his money to procure books for the county clerk's office, in which to record deeds, etc., and to enter the common rules of the Court of Common Pleas. It was held that he was entitled to be repaid. It was put upon the ground, that the books became the permanent property of the county, and were transmitted to his successor for the benefit of the county. In that view, he was as well entitled to be repaid, as though he had made needful repairs to the public building occupied by him as a public office. On the same ground, an allowance was made in *Doubleday* v. *Sups. of Broome* (2 Cow., 533). He was also allowed for sending certain notices to judges and justices, a service required of him by law, for which no fee was prescribed. That, also, is put upon the ground of a benefit to the county. I am obliged to confess that this allowance is not so clear, and that in my judgment the conclusion is not in harmony with the decisions I have cited to sustain my views; and it is to be observed that SUTHERLAND, J. (2 Cowen, *supra*), intimated a doubt as to its soundness. The other case was that of a judge of the County Court, who attended, in pursuance of law, upon the drawing of jurors by the county clerk. No specific fee was allowed therefor. The court held that he was entitled to compensation. It seems to have been put upon the ground, that the services had no connection with his judicial duties as judge, for it is said his place could have been supplied by two justices of the peace. If this be the ground, it has no applicability to the matter in hand. For the sheriff here, can rest his claim upon no ground other than that the services and charges for which he claims, were in the direct

performance of his duty, and necessary to the proper perform-
ance thereof. I do not find that the case has ever been cited
or relied upon, in any other decision. In *Wathen* v. *Sandys*
(2 Camp. N. P. C., 640) a distinction is intimated between
services, for which there is no compensation prescribed,
rendered for the public and those for private persons.

*Smith* v. *Birdsall* (9 J. R., 328) declares that where the
law is silent as to particular services, the court, *if they allow
anything*, must allow what is reasonable. The opinion is *per
curiam*, is very short, and neither enters into the points raised
by counsel (if any were made, for the names of counsel are
not given), nor does it state clearly the question raised by the
defendant. It is not easy to get at just what was the ques-
tion presented to the court. It is said that a verdict was
taken for the plaintiff, who was a sheriff, for the sum of his
charges for arresting an ex-sheriff, on attachment, for con-
tempt of court in not returning an execution. The verdict
was subject to the opinion of the court, upon *the legality of
the charges* demanded by the plaintiff. The principal of
them was the mileage, at nineteen cents per mile, and the
expenses of going to and returning from Albany, twelve days,
thirty miles per day, at fifty cents. Now, if the opinion of
the court was to be had upon the legality of the sheriff mak-
ing any charge at all, then the decision bears upon the ques-
tion in hand. If it was only upon the legality of the amount
of the items, or of the amount of each, or of any item, and
the right of the plaintiff to some compensation, and the lia-
bility of the defendant to pay the same were conceded, then
it does not touch the question in hand. There is some rea-
son to infer, from the report of the case, that it was the lat-
ter. The court say that the charges are reasonable and just,
and no more than an indemnity. Not that they are legal in
the sense that the plaintiff had the right to charge. It then
says that the defendant appears to have been in contempt,
and liable to the costs and expenses of the attachment. It
then states that the *habeas corpus* act allows twelve and a
half cents per mile for bringing up a person, and the charges

also for taking him back if remanded ; seeming to compare that mileage and those charges with the items in the plaintiff's bill. And then it concludes: "When the law is silent as to charges for particular services, the court, *if they allow anything,* must allow what is reasonable." And judgment is given for the plaintiff. The report is extremely meagre. If the case does not bear this interpretation, it must be considered as anomalous. I do not find it cited in any subsequent case, save in *Clapp* v. *Van Epps* (3 Wend., 430), which case does not throw much light upon it. In view of the repeated and definite decisions in England, and those in our State, it cannot be relied upon as an intentional declaration of a different rule from that established by them. It is worthy of note that, in Crocker on Sheriffs (2d ed., p. 360, § 824; p. 478, § 1144), it is cited as an authority for a principle stated thus: "If no fee is prescribed by law for the particular service, and they (sheriffs, etc.) *are not required to discharge the duty without compensation,* then they are entitled to recover a reasonable compensation therefor." I am not aware, however, that the sheriff was not required to discharge the duty without reference to compensation.

I have not overlooked the citations made by the appellant from the Revised Statutes. (2 R. S., 650, § 2; id., 652, § 1; id., 622; id., 653, § 5.) I do not perceive that they affect the question.

It is suggested by the appellant, that if a sheriff should seize beasts, he would be obliged to provide them with food, and shelter and care, and that he ought not to pay the expense thereof. There is a dictum in *Sly* v. *Finch* (Cro. Jac., 514), that if he take cattle, and return that he has taken, and afterward the cattle die for want of meat, he is answerable for the value returned. And in *Gaskell* v. *Sefton* (14 M. & W., 802) it seems to be conceded that under the English statute law, as it then was, the expense would be allowed him of keeping the cattle. But that question is not now here, and we intimate no opinion upon it.

The appellant claims that the sheriff's poundage should have

been estimated according to the fees allowed by law upon executions from the Marine Court. The judgment was obtained in the Marine Court; a transcript of it was filed in the county clerk's office. Then, the judgment is to be deemed a judgment of the Court of Common Pleas, and is to be enforced in the same manner. (*Ginochio* v. *Figari*, 4 E. D. Smith, 227.) That is, by an execution out of that court to the sheriff of the county. The sheriff is restricted to the fees given to his office by statute.

The court does not pass upon the question whether, if by the request and upon the promise to repay, of either of the parties to the execution, and for his benefit or convenience, the sheriff shall incur expenses, he may not recover them of that party. (As to which see *Capp* v. *Johnson*, 7 J. B. Moore, 518; 6 id., 338.) This case does not, directly, present that question. The affiant, Thorpe, comes short, in his affidavit, of fixing upon the defendant or his attorney, or any one shown to have authority to speak for either of them, such a request. It may be that the sheriff may be able to make proof of request and promise to him.

The order appealed from must be affirmed with costs, but without prejudice to another presentment of the sheriff's bill for taxation on further affidavits, if he shall be so advised.

All concur, except ANDREWS, J., not voting.

Ordered accordingly.