COWAN v. MAYOR OF NEW YORK.

FINNEGAN v. MAYOR OF NEW YORK.

*Officer — compensation to — clerk of marine court. Supervisors — audit of illegal claim invalid.*

The assistant clerk in the Marine Court of New York, who received a regular official salary, *held* not entitled to extra compensation from the county for " furnishing naturalization papers and re-indexing naturalization books," that being clerical work appertaining to the office of clerk of said court, and to be performed by the clerk and his assistants.

The board of supervisors audited the claim for extra compensation. *Held*, that such audit was in violation of the provision of Laws of 1870, chapter 190, § 7, that " no allowance beyond legal claims shall ever be allowed by the board of supervisors," and was invalid, and gave the assistant clerk no legal right to payment.

APPEAL by defendants from a judgment in favor of plaintiff, entered upon a verdict directed by the court.

The action was brought by James Cowan against the Mayor, Aldermen and Commonalty of the city of New York, to recover an alleged claim for extra services as clerk and assistant in the Marine Court. An appeal in a like action involving a claim of the same nature by William J. Finnegan, was heard at the same time. The necessary facts fully appear in the opinion.

*E. Delafield Smith,* for appellants.

*Robert H. Strahan,* for respondent, cited *People* v. *Stout,* 23 Barb. 349 ; *People ex rel. Brown* v. *Green,* 2 N. Y. Sup. 18, 24 ; *People ex rel. Outwater* v. *Green,* 56 N. Y. 466 ; *People* v. *Supervisors of Livingston,* 12 How. 206 ; *Chase* v. *County of Saratoga,* 33 Barb. 603 ; *People* v. *Haws,* 21 How. 183 ; *Bright* v. *Supervisors of Chenango,* 18 Johns. 242 ; *Doubleday* v. *Supervisors of Broome,* 2 Cow. 533 ; *Brady* v. *Supervisors of New York,* 2 Sandf. 460; S. C., 10 N. Y. 260 ; *People* v. *Supervisors of New York,* 22 How. 71.

Present — DAVIS, P. J., BRADY and DANIELS, JJ.

DAVIS, P. J. The complaint of the respondent, Cowan, alleges "that on or about the 19th day of June, 1870, he was duly appointed a clerk and assistant in the Marine Court of the city of New York, and that from the date of his said appointment up to the 17th of February, 1874, he continued to do and perform the duties incumbent upon him as such clerk and assistant; that while so employed as such clerk and assistant he did and performed extra work, labor, and services for the county of New York in furnishing naturalization papers, and re-indexing naturalization books, etc., in the said Marine Court."

The specification of the complaint of the extra work, labor, and services shows that they were clerical work pertaining to the office of clerk of the court, and to be performed by the clerk and his deputies and assistants. This court is bound to take judicial notice that "furnishing naturalization papers," by the clerk of a court, "and indexing naturalization books," when necessary, are part of the duties devolving upon the clerk by law, and extra work, labor, and services thereupon can mean nothing more than meeting

the exigencies of some unusual pressure of that class of duties upon the officer either by working out of ordinary office hours, or with greater skill and diligence during such hours.

The answer alleges in substance that the plaintiff was such clerk and assistant of the Marine Court, a salaried officer, and that it was his duty to perform the services mentioned in the complaint without extra charge or compensation beyond the salary appurtenant to his office, and that all the salary appurtenant to his office has heretofore, and before the commencement of this action, been paid to him in full, and it was admitted on the trial that the plaintiff has received his salary as alleged in the answer.

The plaintiff put in evidence a resolution of the board of supervisors, adopted August 23, 1871, in these words : " *Resolved,* That the comptroller be and he is hereby authorized and directed to draw his warrant in favor of James Cowan, third assistant clerk of the Marine Court of the city of New York, for the sum of one thousand dollars ($1,000) for extra services, viz., for furnishing copies of naturalization papers, and re-indexing naturalization book of said court, and charge the same to the proper appropriation." This resolution shows a little more clearly that the work done pertained altogether to the office of the clerk as part of his official duties.

The first point made by the appellants is that the respondent had no legal claim against the county for the services alleged to have been rendered, and this point is based upon the ground that he was a salaried officer and bound to perform such official duties for the salary pertaining to his office, and without additional compensation. A legal claim is one which the party asserting it may enforce by action or by some proceeding at law or in equity. We think the plaintiff's claim was not of that character. In *Bright* v. *Supervisors of Chenango,* 18 Johns. 242, it was held that where the services were rendered specially for the benefit of the county *and for which other provision had not been made;* they formed a proper subject of compensation by the board of supervisors. But in the matter of *Mallory* v. *Supervisors of Cortland,* 2 Cow. 531, it was held that the county clerk, who was by law clerk of the Courts of Oyer and Terminer and General Sessions, was not entitled to fees for services as clerk of such courts, because the course which the legislature had taken with the revised fee bill evinced " that they did not mean to allow any compensation " for such services.

In *People ex rel. Phœnix* v. *Supervisors of New York*, 1 Hill, 362, 367, the relator was district attorney of the city and county of New York. The statute provided that "the district attorney of the city and county of New York shall receive for his services an annual salary of not less than two thousand five hundred dollars nor more than three thousand five hundred dollars, to be fixed and paid by the common council of that city." 1 R. S. 383, § 95. The salary was fixed at $3,000 ; subsequently, the legislature devolved upon him new duties, before then pertaining to the sheriff of the county. Laws of 1830, chap. 320, § 52. It was claimed that he was entitled to additional compensation for such new duties beyond the amount of his salary. The court held otherwise, BRONSON, J., by whom the opinion was pronounced, saying "By charging the attorney with the duty of suing for fines without making provision for the payment of costs, the legislature has in effect declared that the salary of the officer is to be deemed the compensation for them as well as for other services. It is impossible for a salaried officer to make title to an increased compensation on the sole ground that a new duty has been cast upon him by the legislature. And in *Palmer* v. *Mayor of New York*, 2 Sandf. 318, it was held that an officer had no valid claim for extra remuneration for services required and rendered in the duties of his office on a day (Sunday) on which he was not legally bound to work. And see *Hatch* v. *Mann*, 15 Wend. 44 ; *United States* v. *Fillebrown*, 7 Pet. 28.

As it cannot be doubted that the services rendered by the respondent were within the scope of the official duties of the clerk, it seems very clear that no claim for extra labor and services in performing them could have been enforced by suit or mandamus. But it is argued that the questions whether these services were rendered; whether they were extra ; whether they should be paid for, and what compensation should be paid for them, belonged to the board of supervisors, who were sole judges in respect of them, and that their action was in the nature of a judicial determination, and was conclusive. Conceding the argument to be sound in the absence of any statutory prohibition or restriction, the question cannot be the same where such a statute exists. By section 7, of chapter 190, of the Laws of 1870, it is declared that "No allowance or payment beyond legal claims shall ever be allowed by the board of supervisors." This provision is only applicable to the board of supervisors of the county of New York. It is insensible and idle, unless

it operates to take away from that body all jurisdiction and authority, to allow and pay claims that are not legal; and especially is this so, when the amount demanded, and attempted to be allowed, is beyond the legal claim of the party for the services embraced in his claim. Without doubt, the plaintiff had an entirely legal claim for the services mentioned in his complaint, and all other services rendered by him in the discharge of the duties of the clerk of the court. That claim was his salary, and since it appears that it was paid to him, we must assume that it was lawfully audited and allowed. When, therefore, the supervisors undertook, upon their own sense of propriety or justice, to direct $1,000 more to be paid to him, for a part of the same services which would otherwise have been covered and compensated by his salary, they were attempting to allow and pay an amount beyond his legal claim, because as we have seen, no law awarded it to him, and no court, by any suit or proceeding, could have adjudged it to him. This was, in our judgment, an excess of authority in plain violation of a statute, and if the acts of supervisors are, when within their jurisdiction, to be deemed judicial, this was extra-judicial, because beyond such jurisdiction.

We do not consider their view at all in conflict with *Outwater* v. *Green,* 56 N. Y. 466, or *People ex rel. Brown* v. *Green,* 2 N. Y. Sup. 18, for the question whether the supervisors could audit and allow a claim not legal, or an amount for official services beyond the legal claim of a salaried officer, in violation of an express statute of prohibition was not before the court in either of those cases.

Without considering the other questions raised in the case, we think the one discussed is fatal to the plaintiff's recovery, and therefore reverse the judgment and direct a new trial, with costs to abide the event.

*Judgment reversed and new trial ordered.*