By the Court.—Curtis, Ch. J.
The order at special term, opening the defendant’s default, required, .among other conditions, that the defendant should pay to the plaintiff “the legal fees and disbursements of the sheriff,” on the execution issued under the judgment, from which the defendant sought to be relieved.
The bill presented by the sheriff was as follows:
To poundage, . . . $8.74
To levy and return fee, . . 2.69
To notices of sale, . . . 4.00
To expenses incurred, . . . 15.00
To towing schooner from Tottenville to Gowanus, . . . 40.00
*448 To keeper’s fees, 16 days, at $3 per day, 16 nights, at $3, . $96.00
To compensation to deputy, 20.00
$186.43
Upon taxation by the judge at special term, the bill was taxed at.$48.92, of which amount $32.13 was allow,ed for keeper’s fees.
The defendant appealed from this order, and claims that the allowance to the sheriff of $32.13 for keeper’s fees was erroneous.
This question, in regard to keeper’s fees, appears to have been passed upon adversely to the claims of the sheriff to charge for them (Crofut v. Brandt, 58 N. Y. 106). It was held, in this case, that the statutory fees and poundage allowed by statute to a sheriff are in full compensation for his services and expenses in executing the writ.
The sheriff incurred expenses in holding possession of the vessel levied upon under the execution, for which the allowance appealed from, of $32.13, for keeper’s fees, seems not unreasonable, but no provision by statute is made for their allowance. There are, perhaps, other services rendered by sheriffs, where the compensation received is more than commensurate with the service rendered. This may have been considered by the learned judge delivering the opinion in Crofut v. Brandt (58 N. Y. 112), who observes that “in the long run the result, in the contemplation of law, is that the fees ’which the law prescribes are adequate compensation for the risk and expense incurred.”
The claim made, that the order opening the default, in requiring the payment of the sheriff’s disbursements, gives a latitude to the court in ordering the expenses for keeper’s fees to be paid, and that it rests in its discretion, is not tenable, because the order itself limits the payment required to be made by the defend *449 ant to “ the legal fees and disbursements” of the sheriff on the execution. If the court at special term had intended, as a condition of opening the default, that fees or disbursements, other than those specified in the statutes, should be paid, it would nob' have used a term of limitation, debarring the sheriff from requiring payment of charges other than such as the statute (which is the only law under -which he can enforce charges without consent of the party) gives him the right to demand.
The order appealed from should be modified by striking out the item “to keeper’s fees $32.13,” with costs.
Freedman, J., concurred.