Hyatt, J.
It appears from the case_ on appeal that on the 4th of October, 1887, an execution in the above action was issued to the sheriff for $2,109.67.
Under this execution a levy was made upon the fixtures and paraphernalia of the Oriental Theatre and a watchman was placed in charge from the time of the levy until the 14th day of October, 1887. On the fifth day of October a stay was granted pending a motion to set aside the execution.
The sheriff also levied upon the receipts of the box office of said theatre, amounting to the sum of $183.
A watchman was kept in charge of said property during the day, and also during the night, to prevent the removal of the same. Each watchman was paid at the rate of three dollars per day or night while in charge.
During the time the execution was stayed, the deputy sheriff who made the levy swears that he was compelled to and did visit the said theatre almost every day, to see that the said property which he had levied upon, and which was valuable, was not disturbed.
The execution was subsequently set aside upon the payment of the sheriff’s fees, and a bill of charges for $111.22 was presented by the sheriff. Upon argument and affidavit, the bill was taxed at the sum of $62.73.
The appellant still contends that the levy and return fee should be reduced from $2.72 to sixty-two cents. Section 3307, Code of Civ. Pro., subd. 6 and 1. This item was not objected to. The defendant’s attorney, Esberg, in opposing said taxation, presented his own affidavit in these words: “Deponent objects to each and every item in the *166 sheriff’s bill, except the levy and the return fee of $2.72.” He is, therefore, concluded upon that point. The defendants’ second contention is that the sheriff’s bill as taxed should be further modified, by disallowing the item “deputy’s compensation, fifteen dollars,” and “keeper’s fees, forty-five dollars,” or “by disallowing one or the other of the latter fees,” or “by disallowing the night-keeper’s fees entirely.”
The case of Crofut v. Brandt (58 N. Y., 106), is relied upon to sustain this proposition. That case, however, simply declares the common law rule, that where the law imposes a duty upon an officer, he cannot claim a remunertion for fulfilling it, unless the law has expressly conferred such right. Comyns Digest, Fees, 1.
The case of Flack et al. v. The State of New York (95 N. Y., 461), reiterates the doctrine that “the right of a sheriff to fees is derived from and depends altogether upon the statutes.”
The appellant concedes that subdivision 7 of section 3307 of the Code is applicable to his contention, but suggests that it throws considerable doubt upon the binding force of these cases , supra. In what particular respect, however, he fails to point out, and we are unable to discover where any exists.
The language of said section is clear and significant. It provides that the sheriff is entitled for his services “ where an execution is stayed after a levy by order of the court or otherwise * * * to such additional compensation for his trouble and expenses as the court or a judge thereof allows.”
We are of the opinion that the items objected to were properly allowed under this section, and that the circumstances of the case were amply sufficient to warrant the court in awarding them.
It follows, therefore, that the order appealed from must be affirmed, with costs.
Hall, J., concurs.