Robinson, J.
The execution in this case was issued out of this court to the sheriff, against the property of the defendant, upon a judgment of the marine court, which, by virtue of the filing of a transcript in the office of the clerk of the city and county of New York, under the provisions of section 68 of the Code, became a judgment of this court. It directed the levy and collection of the amount of the judgment, nine hundred and eighty-nine dollars and thirty one cents, with interest from July 9, 1872; and on the next day the sheriff levied upon sufficient property of the defendant, consisting of straw and other kinds of hats and office furniture, situate at 66 Spring-street, to satisfy the execution, which was at once advertised for sale. The sale, however was not commenced until August 16, when, as it was being proceeded with, it was stopped by an injunction, and whatever deposits were made by purchasers were refunded them. Under this condition of the case the following bill is presented for taxation, by and on the part of the sheriff, for his fees and charges:

*131 The sheriff, as well as all other public officers are, at common law, entitled to no compensation for performing any acts of official duty, but by statute certain amounts, by way of fees, are allowed to be received and collected by them. There is, however, a general prohibition against their taking or receiving any other or greater fee or reward for any service than that allowed bylaw (2 Rev. Stat., 650, § 5); also from demanding any fee or compensation allowed by law for any service unless it is actually rendered (Id., § 6), and any violation of this provision is made a misdemeanor, and the person guilty thereof is made liable to the party' aggrieved in treble damages (Id., § 7). It is also made the duty of any court, at which a grand jury is summoned, to charge it specially to inquire into any violation of this law (Laws of 1847, ch. 455, § 17). On settlement of an execution or any suit or demand, the sheriff, upon being required by the defendant, and on his paying the expense of taxation (now nothing), is thereupon prohibited from collecting any fees without their being taxed (2 Rev. Stat., 652, § 1, 2).
Notwithstanding these guards against extortion by public officers, the bill presented, I regret to say, is but a specimen of those emanating from the sheriff's office that are brought to the notice of the court. By statute that officer is allowed, for serving an execution for the collection of money, six cents per mile for traveling to make service, in going from the court house ; for collecting the sum of two hundred, and fifty dollars, two cents and five mills per dollar, and for every dollar collected more than two hundred and fifty dollars, one cent and two and a half mills; advertising goods and chattels for sale, two dollars ; and if the execution be stayed or settled after advertising and before sale, one dollar; for returning a writ, twelve and a half, cents (2 Rev. Stat., 644, § 33); and by the act of 1850, chapter 225, section l.'he is allowed a further fee *132 of fifty cents for receiving and entering the execution. I find no warrant in any of the statutes for any other charges in addition to these fees for expenses or disbursements incurred in executing such a process. In certain other cases provision is made for his compensation, expenses and disbursements, to wit :by 2 R. S., 646, amended by L. 1871, c. 415, in certain proceedings by way of attachment, in addition to specific fees, he is to be awarded such additional compensation for his' trouble and expense in taking possession and preserving the property attached, as may be certified or allowed by the taxing officer;—also for making an inventory and appraisal, and for drafting and copying the inventory. So by section 215 of the Code, on claim and delivery of personal property, he is allowed his lawful fees for taking and his necessary expenses for keeping the same; and by section 343, on proceedings under attachment authorized by the Code, the same fees and compensation for services, and the same disbursements as are allowed for the like services by chapter 5, tit. 1, part 2, of the Revised Statutes (2 Rev. Stat., 1-12), which, according to 2 Rev. Stat., 5 ed., 926, may be allowed him in addition to his fees ; that is, such compensation for his trouble and expenses in taking possession of and preserving the property attached, as the officer issuing the warrant shall certify to be reasonable.
These enactments making express provision for his expenses in other cases, by ordinary rules of construction, preclude any implication that it is to be tacitly understood, that any not mentioned, are to be allowed on executions against property, whatever the exigency of the particular case. The sheriff, as well as all other public officers, accepts office upon condition of performing its entire duties for such compensation as is specifically allowed by express provision of law, and without'right to'claim any other remuneration. This neces *133 sarily Includes and limits the power of the officer to delegate to any other person any right to any extra compensation, which he could not himself claim. The fees allowed are not quisquid honorarium, but are for doing or performing the service. The officer takes his office cum onere, as well with its honors and profits as with the duty of performing each service required of him by law, however onerous, expensive or responsible. He takes the good with the bad, the cases that are remunerative with those that are expensive, and for such compensation as the law specifically affords. As to some duties, the labor and responsibility may be trifling in comparison with the reward, while as to others it may be wholly inadequate to the trouble and hardship incident to the particular case. In respect to .executions for the collection of money, he may in some cases collect large sums by voluntary payment or seizure of coin, and easily gain his fees, while in others he may be involved in great trouble and expense in capturing, taking care of, and holding the property until he can effect a sale. Yet in the latter case the law affords him no greater indemnity or remuneration for the complete service of the execution, notwithstanding any hardship or expense incurred, than in the former. In either case he can only demand or receive the legal fees, and allowances made by the statute intended for all cases. Even a promise to pay Mm extra compensation for extra services in the performance of his official duty or such acts as are incident thereto is void (Chitty on Cont., 582; Hatch v. Mann, 15 Wend. 44). And as, Senator Tracy in the latter case (p. 49), says, “that a public officer whose fees are prescribed by law may maintain an action to recover an additional sum promised him by a party for doing his official duty, is a monstrous proposition, fraught with every kind of mischief. The pretense that it is for extra services, would cover any conceivable *134 corruption or extortion.” Whatever care, labor or expense the condition of the property levied on in this case required, the sheriff was bound to provide, and (except as to existing liens) bear as part of his official duty beyond what his fees afforded him by way of compensation (Buckle v. Bewes, 5 D. & R., 495; 3 B. & C., 688; Bilke v. Havelock, 3 Campb., 374; Slater v. Haines, 7 Mees. & W., 413; Hatch v. Mann, 15 Wend., 47, and cases there cited).
As to the extra charges, not specifically allowable by statute, the right to claim by way of taxable fees for any expense for keepers has been repudiated in Downing v. Marshall, 37 N. Y., 380; Lynch v. Meyer, 3 Daly, 256; Lord v. Richmond, 38 How. Pr., 173. So as to auctioneer’s charges in selling the goods, because the sheriff is bound to make a sale of the goods himself (Chitty on Cont., 583; Woodgate v. Knatchbull, 2 T. R., 157; Crocker on Sheriffs, 2 ed., § 1162). It is only when he sells the goods by an auctioneer at the .request of some party that he can make any claim against him for the expense. As to cartage and storage his duty was not, as in case of an attachment, to keep and preserve the property until the further order of the court, but at once to advertise and sell the goods. For expenses that are not necessarily incidental to the service, he has his remedy by action against the party at whose request they were incurred, and if they arise through the action of the court, he should appeal to it, for redress and reimbursement from the party occasioning them. If any right of action exists upon the part of the sheriff for extra services or expenses outside the scope of his official duty, it must be pursued against the party at whose request they have been rendered; they constitute no lien on the property levied on, nor can they be allowed on taxation, which is limited to the adjustment of mere statutory fees and allowances. Under these views fees of the sheriff, *135 as properly taxable in the present case, are as follows :—

At which amount the bill is taxed, and the other or excessive charges are disallowed.