CHARLES A. MALLORY AND OTHERS, APPELLANTS, *v.* FREDERICK REICHERT, DEFENDANT.

PETER BOWE, SHERIFF, ETC., RESPONDENT.

*Sheriff's fees on a levy and sale — when the plaintiff may compel a taxation of them.*

Where, in pursuance of an execution issued upon a judgment, a sheriff has levied upon and sold goods of the judgment debtor, and claims to be entitled to retain a portion of the proceeds of the sale for his fees and charges, the plaintiff may move at a Special Term to have the said fees and charges taxed. The right to make such a motion is not confined to the defendant.

APPEAL from an order made at a Special Term taxing the sheriff's bill on an execution issued herein.

*R. W. Hawkesworth* and *William B. Rankine*, for the appellants.

*Knox & McLean* and *Malcolm Graham*, for the respondent.

DAVIS, P. J.:

The execution in the suit of *Mallory* v. *Reichert* was issued to the sheriff, and by him levied upon the stock of goods of the defendant Reichert. On the subsequent sale of the goods they produced the sum of $3,488.39. The sheriff's bill presented and claimed by the deputy, one Mark L. Frank, who had the execution in charge, amounted to $1,151.45. The plaintiff demanded a taxation of the bill, and on his motion it was taxed at Special Term, each party presenting a number of affidavits in relation to the several items charged. An order was made on such taxation allowing to the sheriff the whole amount charged, to wit, $1,151.45. From that order the plaintiff appeals. The counsel for the sheriff do not pretend to defend the taxation of this bill on any legal or other ground. On the contrary, they say: "We will not attempt to impose upon the court, since the decisions in *McKeon* v. *Horsfall* and *Woodruff* v. *Imperial Fire Insurance Company*, by insisting that all of these items are taxable if the court shall assume that a taxation, properly so-called, was before it." They, however, undertake to claim that the taxation was one not authorized by law, and therefore that this court must either treat the proceedings as a mere arbitration and leave the parties in the position in which they have placed themselves thereby, or as wholly *coram non judice*, and a proceeding without jurisdiction, and dismiss the appeal without prejudice to an action.

The bill on its face is one which could not be sustained, even on the affidavits presented on behalf of the sheriff alone, for no court should allow, for instance, that the sheriff could employ under any circumstances twenty-one keepers at a time to watch over a stock of goods consisting chiefly of empty paper boxes, especially after the Court of Appeals have decided that no charge for keepers can be taxed. (*McKeon* v. *Horsfall*, 88 N. Y., 429.)

We think under the statute the plaintiff had a right to demand the taxation. The money had been made on the execution and was in the hands of the sheriff. The plaintiff was entitled to have it paid to him, less the sheriff's legal fees and charges; and although the statute, in speaking of taxation, uses the words "upon being required by the defendant," we are of opinion that under the circumstances the plaintiff in the execution occupied that relation,

as between himself and the sheriff, in his effort to defend himself against extortion. In *O'Connor* v. *O'Connor* (47 Supr. Ct., 500), a case quite analogous with the present in its facts, the taxation was made on motion of the plaintiff.

In this case the motion for taxation was not made to "any judge or officer of the court," but to the court itself sitting at Special Term, and we see no reason why it should not be held that under its general jurisdiction over all actions pending in the court and after process issued therein, the Special Term as such had authority to make the taxation in question. Neither party raised any question, as would seem, at the hearing of any want of power in the court.

The order taxing the bill at the full amount claimed is in direct conflict with all the authorities of which we have any knowledge, and especially of *Crofut* v. *Brandt* (58 N. Y., 106); *O'Connor* v. *O'Connor* (47 Superior Court, 500); *Lord* v. *Richmond* (38 How. Pr., 173); *McKeon* v. *Horsfall* (88 N. Y., 429); *Woodruff* v. *Imperial Fire Insurance Company* (90 id., 521). Under these authorities large numbers of the items of the bill should have been rejected.

Inasmuch as the bill presented has received, in point of fact, no taxation or consideration of its items, we do not think it our duty to go through and determine what should or what should not have been allowed. The proper disposition of the case seems to us to be to reverse the order, with costs of the appeal to the appellant, and to remand the proceedings to the Special Term with directions to proceed and tax the bill in conformity to the several authorities above cited.

Ordered accordingly.

BRADY and DANIELS, JJ., concurred.

Order reversed, with costs of the appeal to the appellant.