WALLIS, Receiver, *v.* SHELLY and another.

*(Circuit Court, S. D. New York.  April 15, 1887.)*

1. SHERIFF—POWERS—EXECUTION SALE—AUCTIONEER.

   The fees and poundage allowed by statute to a sheriff for levying and collecting an execution are the only charges to which he can lawfully subject the property of an execution debtor, and a sheriff has no right to employ an auctioneer to sell property seized under an execution, in the absence of authority from the owner in that behalf.

2. PRINCIPAL AND AGENT—LIABILITY OF AGENT.

   In an action against an agent for money had and received, when the plaintiff does not make title through a contract with the agent, but has a title to the money in his hands paramount to that of the principal, the agent who has received the money is personally liable, unless he has paid it over to his principal before notice.

3. EQUITY—JURISDICTION—ASSUMPSIT—DISCOVERY.

   If a portion of the proceeds of an execution sale, to which the execution debtor is entitled, is illegally withheld by an auctioneer who conducted the sale, and by an agent of the sheriff, a bill in equity will lie to recover the money, although there is a remedy at law by action for money had and received, when the facts are such as to entitle the plaintiff to come into equity for a discovery.

4. SAME—REMEDY AT LAW.

   Where the peculiar circumstances of a case entitle the complainant to enforce his claim against one party in a court of equity, he cannot be compelled to seek a remedy at law against another party, though such step be open to him, in preference to relief in equity.

*Wm. G. Wilson,* for complainant.

*L. W. Emerson,* for defendants.

WALLACE, J.  The defendants Shelly and Topping hold in their hands the sum of $2,330.65, the proceeds of certain personal property of the corporation of which the complainant is receiver.  Actions have been brought in the supreme court of this state by several creditors of the corporation, and executions were issued upon the judgments obtained therein, and were duly delivered to the sheriff of the city and county of New York to be satisfied by a levy and sale of the property of the corporation.  The sheriff, by his deputy, employed the defendant Topping, as an auctioneer, to make sale of the property upon the executions.  Topping made the sale, and turned over the proceeds, less his commissions, to the defendant Shelly, the sheriff having in the mean time left the country, and given to Shelly a power of attorney to act for him in all matters respecting his official business.  The commissions charged by Topping amounted to $1,065.45.  The proceeds paid over by Topping to Shelly amount to $1,478.54, after payment of the executions in full, with the sheriff's fees and poundage.

The sheriff had no right to employ an auctioneer at the expense of the owner of the property seized on the executions, in the absence of authority from the owner in that behalf.  The fees and poundage allowed by statute to a sheriff for levying and collecting an execution are the only charges to which he can lawfully subject the property of an execution

debtor. *Crofut* v. *Brandt*, 58 N. Y. 106; *McKeon* v. *Horsfall*, 88 N. Y. 429. It was the duty of the sheriff to pay over to the execution debtor all the proceeds of the sale, except such as he could lawfully appropriate to satisfying the executions, and his own statutory compensation. The remaining proceeds were the moneys of the corporation, and Topping could acquire no right to any portion of them as commissions by an agreement with the sheriff, which the latter had no authority to make. Consequently both Shelly and Topping are liable to the complainant for the moneys remaining in their hands, respectively.

The complainant could have brought suits at law against each defendant, and recovered the moneys held by each as money had and received to the complainant's use. Privity of contract between the parties is not essential in such an action. Whenever one person has in his hands money equitably belonging to another, the law implies a promise to pay it over, and he to whom it belongs may recover it by *assumpsit* for money had and received. As is said in *Hall* v. *Marston*, 17 Mass. 574:

"There are many cases in which that action is supported without any privity between the parties other than what is created by law. Whenever one man has in his hands the money of another, which he ought to pay over, he is liable to this action, although he has never seen or heard of the party who has the right. When the fact is proved that he has the money, if he cannot show that he has legal or equitable grounds for retaining it, the law creates the privity and the promise."

There is a class of cases for money had and received which hold that an action will not lie against the agent, but only against the principal; and the defendants rely upon these authorities, and cite *Denny* v. *Manhattan Co.*, 2 Denio, 115; *Colvin* v. *Holbrook*, 2 N. Y. 126; *Hall* v. *Lauderdale*, 46 N. Y. 70. These cases apply when the agent is responsible for the payment of the money to the principal only. When the plaintiff does not make title through a contract with the agent, but has a title to the money in his hands paramount to that of the principal, the law is well settled that the agent who has received the money is personally liable, unless he has paid it over to his principal before notice. *Elliott* v. *Swartwout*, 10 Pet. 137. Although an action for money had and received is frequently called an "equitable action" by the authorities, courts of equity refuse jurisdiction, in the absence of special circumstances, because the remedy at law is adequate and complete. See *Gaines* v. *Miller*, 111 U. S. 395, 4 Sup. Ct. Rep. 426. In the present case, however, the peculiar state of facts alleged in the bill entitle the complainant to come into a court of equity for discovery; and, as the bill is for discovery as well as for relief, the objection that the suit is not one for equitable jurisdiction should not prevail. The case of *New York Ins. Co.* v. *Roulet*, 24 Wend. 505, is directly in point.

The suggestion that the complainant has an ample remedy by an action against the sureties upon the sheriff's official bond is without force. The question is whether the complainant can come into equity to enforce his claim against the present defendants. If he can, he certainly is not to be turned out of court because he might have sued some other parties,

and recovered in a court of law. He cannot be compelled to seek a remedy at law against another, in preference to relief in equity against the present defendants.

A decree is ordered for the complainant.